bationer, but to learn whether, on the whole, he is a satisfactory and agreeable person to have serve in the position, and one who will become a reasonably efficient officer," and also to enable the appointee to familiarize himself with the duties of his employment, so that, after becoming acquainted with them, he will be able to perform them. People v. Kearney, 49 App. Div. 125, 62 N. Y. Supp. 1097, affirmed in 164 N. Y. 64, 58 N. E. 14. And it was held in that case that both the appointing officer and the appointee were entitled to the whole of the probationary period,—the one to determine whether the appointee would make a competent and efficient employé; and the other, to demonstrate that fact to the appointing officer. To accomplish this result, it is quite evident that the period must be actually spent in the service of the city, and must therefore run, not from the time when the appointing power indicates to the appointee that he is to have the position, but from the time the employé actually commenced his work under his appointment. The rule provides that every original appointment to or employment in any position in the competitive class shall be made after a probationary term of three months. The term of an employé commences from the time of his employment, and his employment commences when he actually commences work under the appointment. His discharge on February 17th, assuming that the probationary term commenced on the 18th, was proper; for that was upon the last day of the term, and the proper time for the appointing power to act.

It follows that the order appealed from should be reversed, and the application denied, with $50 costs and disbursements. All concur.

---

(74 App. Div. 336.)

### In re WIDMAYER.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. WILLS—TESTAMENTARY CAPACITY—DECREE.

Testatrix executed a will a week after she had been adjudged, by a commission de lunatico inquirendo, incompetent to care either for herself or to take charge of her property. The only evidence offered on the probate proceeding tended to show that the mental condition of testatrix did not improve from the time of this finding until her death. *Held* that, as the burden of proof was on proponents to establish testatrix's mental capacity, a decree denying probate was justified.

Appeal from surrogate's court, New York county.

Proceeding to probate the will of Johanna Barbara Widmayer, deceased. From a decree denying probate (69 N. Y. Supp. 1014), proponents appeal. Affirmed. See 65 N. Y. Supp. 83.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

T. M. Tyng, for appellants.
Michael H. Cardozo, for respondent.

McLAUGHLIN, J. This appeal is taken from a decree of the surrogate's court of the county of New York refusing to admit to probate a writing purporting to be the last will and testament of Johan-

na B. Widmayer, deceased. The testatrix died on the 30th of April, 1899, leaving her surviving, as her heirs at law and next of kin, her sons, William F., Henry E., and George A., and certain grandchildren. The alleged will was executed on the 2d of January, 1895, and the probate of the same was contested by some of the grandchildren. Upon the hearing before the surrogate it appeared that on the 7th of November, 1894, a petition was presented to the supreme court asking for the issue of a commission de lunatico inquirendo, for the purpose of ascertaining whether or not Johanna B. Widmayer, the testatrix, had sufficient mental capacity to take charge of and manage her own property; that in pursuance of such proceedings a jury was impaneled, which on the 26th of December, 1894, just a week before the execution of the alleged will, rendered a verdict to the effect that she was then incompetent to care either for herself or to take charge of her property; this finding was concurred in by each member of the jury, and also by the three commissioners appointed in the proceeding; that the findings of the jury were filed in the office of the clerk of the county of New York on the 29th of December, 1894, and two days later a motion was made, returnable on the 8th of January, 1895, for the confirmation of the same; the motion was granted, and a motion made at the same time for a new trial was denied, and on the 24th of January, 1895, an order was made confirming the findings of the jury, and appointing the United States Trust Company a committee of the estate of the decedent.

A jury having found that the decedent was incompetent to take charge of her property and manage her affairs, and it appearing that the alleged will was made intermediate such finding and a motion for confirmation, a legal presumption existed which, in the absence of proof, was binding upon the surrogate, to the effect that the decedent was incompetent to make a will. It was therefore the duty of the proponents to overcome this presumption by clear and satisfactory evidence to the effect that at the time the paper was executed she not only had the mental capacity to execute the same, but that it was the result of her free will and act. Delafield v. Parish, 25 N. Y. 10; Rollwagen v. Rollwagen, 63 N. Y. 504. The finding of the jury, concurred in by the commissioners in the proceedings de lunatico inquirendo, is not only presumptive evidence of the testamentary incapacity of the decedent, but is conclusive upon that subject until overcome by satisfactory evidence. Wadsworth v. Sharpsteen, 8 N. Y. 395, 59 Am. Dec. 499; In re Coe's Will, 47 App. Div. 177, 62 N. Y. Supp. 376; In re Clark, 57 App. Div. 5, 67 N. Y. Supp. 631; Underhill, Wills, § 99. The general rule is that when it once appears that a person, prior to the making of an alleged will, has been adjudged by a court having jurisdiction to be insane or of unsound mind, a presumption prevails to the effect that the same mental condition continued until it is overcome by satisfactory evidence. This presumption was not here overcome. On the contrary, the only evidence offered tended to show that the mental condition of the decedent did not improve or change from the time of the finding of the jury until her death.

We have therefore presented a case of a person upwards of 80 years of age, in which proceedings are taken to have a committee appointed of her property, on the ground that she is mentally incompetent to take charge of it; that she has notice of the application; that she appears before and gives testimony to the jury selected to pass upon the question, and is there represented by counsel, and yet the jury reaches the conclusion that she is incompetent to manage her property; that one of the attorneys who represented her in that proceeding, intermediate the finding of the jury and a motion made for the confirmation of the verdict, draws her will, which is witnessed by two persons in his office. These facts, taken together, coupled with the further one that no satisfactory evidence whatever was offered to the effect that the deceased at the time the paper was executed was in such a mental condition that she understood what she was doing, not only authorized, but required, the surrogate to refuse to admit the alleged will to probate.

The decree appealed from, therefore, must be affirmed, with costs. All concur.