■ KEAN STIMM, Appellant, v EXCHANGE MUTUAL INSURANCE COMPANY, Respondent.—Judgment unanimously affirmed without costs for reasons stated in the memorandum decision at Supreme Court, Fallon, J. (Appeal from judgment of Supreme Court, Erie County, Fallon, J.—fire loss recovery.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG F. HARVEY, Appellant.—Judgment unanimously affirmed. Memorandum: The suppression court properly denied defendant's motion to suppress the cocaine found by the police during an inventory search of defendant's car. The car was lawfully seized by the police because it was used "to facilitate the * * * purchase, or sale of [a] controlled substance." (Public Health Law § 3388 [1] [c].) The evidence at the suppression hearing shows that defendant, by prearrangement, drove his car to a parking lot where he met a police informant who walked over to defendant's car and, through the car window, handed him $2,000 for the cocaine that he had received from defendant the day before. Before defendant drove away, he told the informant that he could get some more cocaine later in the evening.

The controlled substance need not be physically present in the vehicle in order for a seizure to be authorized; if the vehicle is used as a place of negotiating or conducting a sale it may be seized (*United States v One 1975 Chevrolet K-5 Blazer,* 495 F Supp 737, 740; *see also, United States v One 1950 Chevrolet 4-Door Sedan,* 215 F2d 482; *United States v One 1972 Datsun,* 378 F Supp 1200, 1202). The use of a vehicle for the purpose of passing money to purchase narcotics facilitates the sale of narcotics even when the money is passed two days after the defendant received the narcotics (*United States v One 1951 Oldsmobile Sedan Model 98,* 126 F Supp 515). The "use of a vehicle as a place for * * * transacting any portion of a sale" is sufficient to subject the vehicle to seizure (*United States v One 1972 Datsun, supra,* at 1202).

Having lawfully seized defendant's car, the police were permitted to conduct a search to inventory its contents (*see, People v Gonzalez,* 62 NY2d 386, 388-389). (Appeal from judgment of Oneida County Court, Aison, J.—criminal possession of controlled substance, fourth degree.) Present—Doerr, J. P., Denman, Boomer, Green and Pine, JJ.