■ PROPERTY CLERK OF NEW YORK CITY POLICE DEPARTMENT, Appellant, v GEORGE L. NEGRON, Respondent.—Judgment of the Supreme Court, New York County (Eugene L. Nardelli, J.), entered on or about October 17, 1988, which dismissed the petition for forfeiture of property and ordered the return of the subject vehicle to respondent, unanimously reversed, on the law, without costs, and the matter remanded to Supreme Court for a hearing regarding disposition of the seized property.

On June 28, 1988, respondent was observed by an undercover police officer purchasing a "pink plastic tin foil bag" in a known, drug-prone location. Respondent was apprehended by members of the undercover officer's backup team while driving away from the scene in a 1980 Mercury automobile and was charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), a class A misdemeanor. The contents of the pink bag were later determined to be cocaine. Respondent's vehicle was seized and delivered to the custody of petitioner as property suspected of having been employed in furtherance of a crime (Administrative Code of City of New York § 14-140). A civil forfeiture action was commenced by service of a petition and notice of petition dated July 24, 1988.

By way of opposition to the proceeding, respondent submitted his affidavit which argued that the vehicle had not been employed in furtherance of a crime as contemplated by section 14-140 of the Administrative Code. Rather, he contended, application of that provision should be limited to drive-up transactions in which drugs are purchased by someone inside the automobile. Supreme Court, in a brief opinion, dismissed the petition on the ground that petitioner failed to establish that the vehicle, which remained double-parked during respondent's purchase of the narcotic drug, had been used in furtherance of the crime.

We disagree and hold that use of the vehicle to transport a controlled substance away from the point of sale is sufficient to substantiate a finding that the vehicle was employed to aid a crime, specifically respondent's possession of a controlled substance. Concur—Kupferman, J. P., Asch, Milonas, Wallach and Rubin, JJ.