■ PROPERTY CLERK OF NEW YORK CITY POLICE DEPART-

MENT, Appellant, v JOSEPH APONTE, Respondent.—

Respondent herein was arrested on March 16, 1988 for criminal possession of a controlled substance after he was observed by a police officer at a known drug location in his vehicle, a 1987 Volkswagen Golf. Respondent exited the automobile and entered an abandoned building wherein he purchased a white glassine envelope alleged to contain heroin. Respondent thereafter returned to his vehicle and proceeded to drive away. He was apprehended at a nearby intersection and his vehicle seized. This civil forfeiture proceeding was commenced pursuant to section 14-140 (b) of the Administrative Code of the City of New York which provides that: "All property or money taken from the person or possession of a prisoner, all property or money suspected of having been unlawfully obtained or stolen or embezzled or of being the proceeds of crime or derived through crime * * * all property or money suspected of having been used as a means of committing crime or employed in aid or furtherance of crime * * * shall be given, as soon as practicable, into the custody of and kept by the property clerk".

In denying the petition, the Supreme Court determined that the Property Clerk had "failed to demonstrate a sufficient nexus between the alleged crime and the use of the vehicle" since respondent was not a seller nor was he utilizing the automobile for escape, lookout or concealment, and he did not drive to a prearranged location at some distance where use of the car facilitated commission of the offense. However, as this court recently held in *Property Clerk of N. Y. City Police Dept. v Negron* (157 AD2d 602, 603), "use of the vehicle to transport a controlled substance away from the point of sale is sufficient to substantiate a finding that the vehicle was employed to aid a crime, specifically respondent's possession of a controlled substance". Thus, the fact that respondent did not employ his car during the actual purchase of the contraband or that the sale occurred only four blocks from respondent's home is irrelevant where he was seen driving away in his vehicle from the scene of the transaction, and a postarrest search uncov-

ered the presence of the contraband. Moreover, the standard of proof applicable in a civil proceeding such as the instant one is a mere preponderance of the evidence *(Property Clerk of N. Y. City Police Dept. v Lanzetta,* 157 AD2d 600; *Property Clerk of N. Y. City Police Dept. v Conca,* 148 AD2d 301; *Matter of Property Clerk, N. Y. City Police Dept. v Batista,* 111 AD2d 135).* Accordingly, the petition seeking forfeiture of respondent's vehicle should have been granted. Concur—Kupferman, J. P., Carro, Milonas, Ellerin and Rubin, JJ. *[See,* 141 Misc 2d 129.]