■ PROPERTY CLERK OF NEW YORK CITY POLICE DEPARTMENT, Appellant, v NICHOLAS FERRIS, Respondent.—

This civil forfeiture proceeding pursuant to section 14-140 (b) of the Administrative Code of the City of New York seeks a declaration that the vehicle seized from respondent Nicholas Ferris following his arrest on a drug possession charge be forfeited. While petitioner Property Clerk of the New York City Police Department would ordinarily be entitled to retain possession of an automobile used to transport a controlled substance away from the scene of the sale *(Property Clerk of N. Y. City Police Dept. v Aponte,* 158 AD2d 431 [decided herewith]; *Property Clerk of N. Y. City Police Dept. v Negron,* 157 AD2d 602), we believe that the interests of justice require denial of the petition under the circumstances herein *(see,* CPLR 1311 [4]). In that regard, on June 14, 1988, respondent pleaded guilty to disorderly conduct and agreed to pay a monetary fine in exchange for which the prosecutor would "release the necessary papers to have the Police Department release the vehicle in question." It is petitioner's contention that disposition of the criminal charges is not relevant in a civil forfeiture proceeding and that the People's arrangement with a defendant in a criminal action is not binding upon it. There is merit to the argument that a release by the District Attorney does not preclude an independent forfeiture proceeding by the Property Clerk *(see, Property Clerk of N. Y. Police Dept. v Lanzetta,* 157 AD2d 600). However, as the Supreme Court aptly noted in denying the petition, by pleading guilty, defendant and his codefendants relinquished a variety of

constitutional rights, and the People "gained three convictions without the necessity of preparing for and conducting a trial which would have included calling at least two police officers, one undercover, and a chemist." In addition, it appears the promise of having his automobile returned was an important consideration in respondent's agreeing to plead guilty. Accordingly, the interests of justice mandate that respondent receive the benefits of his plea bargain, particularly since he has paid his fine and fulfilled his part of the deal, and therefore, withdrawal of his plea at this point will not serve to restore him to his original position (see, People v Danny G., 61 NY2d 169). Concur—Carro, Milonas, Ellerin and Rubin, JJ.

Kupferman, J. P., concurs in a memorandum as follows: I concur on the basis only that until this time there has been no firm delineation of the fact that the People cannot, in their criminal proceeding, impinge on the civil forfeiture proceeding.

This should be notice that, in the future, return of the vehicle cannot be part of the plea bargain. (See, in this connection, Cuomo, Asset Forfeiture Bill Framed for Drug War, NYLJ, Jan. 17, 1990, at 39, col 5.)