■ In the Matter of Yonkers Racing Corporation, Petitioner, and New York Racing Association Inc., Intervenor-Petitioner, v Richard Corbisiero, Jr., as Chairman of the New York State Racing and Wagering Board, et al., Respondents.—Petition in this CPLR article 78 proceeding, transferred to this court by order of the Supreme Court, New York County (Walter Schackman, J.), entered January 11, 1989, to review respondent's determination dated on or about September 24, 1988, which revoked petitioner's television simulcast facility license, is dismissed as moot, without costs.

The two agreements before us on this appeal have, since the commencement of the proceeding on September 22, 1988, both expired by their respective terms on January 30, 1990. Of course "it must be explicitly stated that in dismissing the present appeal as moot we express no view on the merits." *(Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 717.) Concur—Kupferman, J. P., Milonas, Wallach and Smith, JJ.

■ Property Clerk of New York City Police Department, Appellant, v Alberto N. Piacentini, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.), entered February 6, 1989, which declared the subject automobile to be respondent's property and which directed petitioner to return the automobile to him, unanimously affirmed, without costs or disbursements.

The record discloses that two Assistant District Attorneys represented to respondent that his automobile would be returned to him upon his payment of a $50 fine, as part of his plea bargain. While a release by the District Attorney does not preclude an independent forfeiture proceeding by the Property Clerk, we believe that respondent, under the circumstances hereunder, should receive the benefits of his plea bargain *(Property Clerk of N. Y. City Police Dept. v Ferris,* 158 AD2d 433). Concur—Carro, J. P., Milonas, Asch, Ellerin and Rubin, JJ.