(June 21, 1990)

■ Property Clerk of New York City Police Department, Respondent, v Michael Fanning, Appellant.—Judgment, Supreme Court, New York County (Irma Vidal Santaella, J.), entered February 9, 1989, which granted a petition seeking,

*inter alia,* forfeiture of respondent's automobile, upon making a finding that petitioner's seizure and continued possession of the subject automobile, which had been used in a drug transaction, was lawful and proper, is unanimously affirmed, without costs.

The affidavit of arresting officer John Pszczola, which was submitted in support of the petition, established that he stopped respondent's vehicle after he had received information from a fellow undercover officer that he had just purchased cocaine from two individuals seated in respondent's car. Pszczola's affidavit also included statements as to his personal observations relating to defendant's transportation of narcotics, by car, away from the point of sale, and the fact that he recovered from respondent and the other passengers cocaine, prerecorded "buy" money and drug paraphernalia. These evidentiary facts, as set forth in Pszczola's affidavit, establish by a preponderance of the evidence that respondent's vehicle was used in furtherance of a crime *(see,* Administrative Code of City of New York § 14-140 [e] [1]; *Property Clerk of N. Y. City Police Dept. v Hurlston,* 104 AD2d 312, 313). Grounds for forfeiture of the vehicle were thereby sufficiently established.

Defendant's unverified answer, prepared by his attorney and founded "upon information and belief", was insufficient to controvert petitioner's evidence *(see,* CPLR 3020), and therefore defendant did not sustain his burden of presenting evidentiary facts sufficient to show that the seizure and possession of his vehicle was unlawful and improper *(see, Property Clerk of N. Y. City Police Dept. v Hurlston,* 104 AD2d, *supra,* at 313). Concur—Murphy, P. J., Sullivan, Carro, Milonas and Smith, JJ.