■ PROPERTY CLERK OF NEW YORK CITY POLICE DEPARTMENT, Appellant, v MICHAEL VOGEL, Respondent.—Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered May 15, 1990, which granted defendant's motion to dismiss, unanimously reversed, on the law, the motion is denied, without costs and disbursements, and the complaint reinstated.

The facts here are uncontested. On June 21, 1989, at about 11:35 A.M. defendant, a school teacher at George Washington High School in Manhattan, was arrested after a police officer observed him enter his automobile, which he had parked hours earlier in the teachers' parking lot, and sniff cocaine. After defendant and the vehicle were searched, defendant was arrested and charged with criminal possession of a controlled substance in the seventh degree and illegal possession of marijuana. Defendant's vehicle was seized.

In February 1990, plaintiff commenced an action for forfei-

ture of the vehicle pursuant to Administrative Code of the City of New York § 14-140 (e) (1), on the ground that it was the instrumentality of a crime or employed in aid or furtherance of crime.

The IAS court granted defendant's pre-answer motion to dismiss the complaint, reasoning that "there is no allegation that the drug was concealed in the car itself or that the vehicle had been moved at any time immediately before or during this incident thereby furthering the crime or being utilized as a means of committing it" and that accordingly "plaintiff has failed to demonstrate a reasonable or sufficient nexus between the alleged crime and the use of the vehicle." We reverse and reinstate the complaint since we are of the view that the vehicle was "employed in aid or in furtherance of crime" within the meaning of section 14-140 (e) (1) if, as seems apparent, it was used to conceal defendant's possession and use of illegal drugs.

We reject defendant's contention that his car "was merely the place where he was sitting when arrested" as a completely distorted view of reality. Since it is undisputed that defendant returned to his car in the teachers' parking lot hours after he had parked it and was observed therein sniffing cocaine, plaintiff should be permitted to prove the claim that the car was used as a "portable haven for carrying on illicit activities during the school day."

Defendant suggests that in drug-related cases forfeiture of a vehicle is limited to cases in which the vehicle was used for the purpose of transacting some portion of the sale (see, People v Harvey, 151 AD2d 1009, lv denied 74 NY2d 948), to transport the narcotics away from the point of sale (Property Clerk of N. Y. City Police Dept. v Negron, 157 AD2d 602) or to transport the defendant to and from the place where the drugs were purchased (Property Clerk of N. Y. City Police Dept. v Aponte, 158 AD2d 431). Neither these cases nor logic supports such a conclusion. Nor do they suggest that the utilization of a vehicle as a place to facilitate the possession and use of illegal drugs is an insufficient basis on which to maintain a forfeiture proceeding.

Finally, we note, had this motion been converted to one for summary judgment, we would, on the basis of this record, award judgment to plaintiff. Concur—Sullivan, J. P., Carro, Rosenberger, Asch and Kassal, JJ.