■ Victor Stallone et al., Respondents, v Robert Abrams, as Attorney-General of the State of New York, et al., Appellants.—Order of the Supreme Court, New York County (Carol H. Arber, J.), entered July 25, 1990, which granted plaintiffs' motion for summary judgment and declared Public Health Law § 3387 (3) to be unconstitutional, unanimously reversed, on the law, without costs.

The facts are undisputed. On August 21, 1986, the New York City Police Department "raided" more than 200 Manhattan retail stores, including those owned by the plaintiffs, seizing approximately 46,000 glass pipes suitable for "freebasing" crack cocaine. Following the seizures, plaintiffs brought this action for a judgment declaring Public Health Law § 3387 (3) and § 3388 to be unconstitutional on the grounds that section 3387 (3) is unconstitutionally vague and that section 3388 unconstitutionally shifts the burden of proof from enforcement officials to owners of seized property. Plaintiffs were granted a preliminary injunction against enforcement of these sections of the statute during the pendency of this action, which this court affirmed on appeal, without opinion *(Stallone v Abrams,* 144 AD2d 1046).

Public Health Law § 3387 (3) states: "Any raw material product, container or equipment of any kind which is used, or intended for use, in manufacturing, distributing, dispensing or administering a controlled substance or imitation controlled substance in violation of this article shall be seized by any peace officer, acting pursuant to his special duties, or police officer and forfeited in the same manner as property subject to seizure and forfeiture pursuant to section thirty-three hundred eighty-eight of this article, except that such property shall not be retained for use by any official."

In declaring the statute unconstitutional, Supreme Court noted that General Business Law article 39 was specifically enacted to control the sale of drug paraphernalia and contains a precise definition of prohibited items. In contrast, it found that Public Health Law § 3387 (3), although applicable to

drug-related paraphernalia generally, was intended to regulate the dispensing of drugs by hospitals and clinics, and reasoned that the failure to list particular items subject to forfeiture renders the provision susceptible to attack on the ground of vagueness. Supreme Court acknowledged that a statutory requirement for scienter or a specific intent is sufficient to overcome a vagueness challenge *(Boyce Motor Lines v United States,* 342 US 337, 342 [1952]; *Hejira Corp. v MacFarlane,* 660 F2d 1356 [10th Cir 1981]). But, in analyzing the phrase "used, or intended for use" with controlled substances, contained in section 3387 (3), the court concluded that it is unclear whether the intent of the retailer or of the purchaser is contemplated, stating, "Intent or scienter might be inferred but no such inference can be drawn in the absence of a definition of drug paraphernalia." The court therefore dismissed defendants' argument that the law should be enforced as it applies to "single-use items" and declared the provision unconstitutional. In view of its conclusion, the court did not address plaintiffs' contentions with respect to Public Health Law § 3388.

We disagree with Supreme Court's analysis in several respects. We observe at the outset that an enactment of the Legislature is presumed to be valid, and the heavy burden of demonstrating that a statute is unconstitutional rests with the party seeking to invalidate the provision *(People v Bright,* 71 NY2d 376, 382). We also note that Public Health Law § 3387 (3) is a civil forfeiture provision and not a penal statute. It prescribes no fines or penalties, providing only for an administrative hearing, following a demand for return of the merchandise by the owner, to determine whether there should be a forfeiture of the items seized.

It is well settled that such property may be subject to forfeiture without offending due process requirements where the items are treated by statute as a public nuisance *(United States v One Ford Coupe,* 272 US 321; *Carr v Hoy,* 2 NY2d 185, 189 [Van Voorhis, J., dissenting]). The subject seizure provision is rationally related to a legislative objective. It is an integral part of an overall scheme to ban the sale of drug-related paraphernalia comprising portions of the General Business Law (§§ 850-853), Penal Law (§ 220.50) and Public Health Law (§§ 3381-a, 3387 [3]; § 3388), which has been judicially recognized *(Dougal v County of Suffolk,* 102 AD2d 531, 533, *affd* 65 NY2d 668; *see also, Franza v Abrams,* 695 F Supp 747, 750-751). Public Health Law § 3387 (3) authorizes the seizure of "equipment of any kind" which may be used in

"dispensing or administering a controlled substance", and section 3388 sets forth administrative procedures whereby an aggrieved party is afforded the opportunity to contest the seizure and to establish that the items were improperly taken by the police *(compare, Franza v Carey,* 102 AD2d 780; *see also, Property Clerk, N. Y. City Police Dept. v Pagano,* 170 AD2d 30).

Plaintiffs have not pursued their administrative remedy for return of the seized items, but have instead mounted a challenge to the facial validity of the statute. They assert that the disputed phrase "intended for use" is unconstitutionally vague because the statute does not state whether the purchaser's or the merchant's intent is dispositive.

"A statute is unconstitutionally vague on its face only when it cannot validly be applied to any conduct" *(Brache v County of Westchester,* 658 F2d 47, 50 [2d Cir 1981], *cert denied* 455 US 1005; *see also, Tennessee v Garner,* 471 US 1, 11-12). Furthermore, "the fact that different minds may reach different results when seeking to determine whether a given object falls within the statutory definition of drug paraphernalia does not render the statute void for vagueness" *(Hejira Corp. v MacFarlane, supra,* at 1367). On its face, Public Health Law § 3387 (3) provides sufficient notice to pass constitutional muster. The Court of Appeals has noted that " '[d]ue process requires only a reasonable degree of certainty so that individuals of ordinary intelligence are not forced to guess at the meaning of statutory terms' " *(41 Kew Gardens Rd. Assocs. v Tyburski,* 70 NY2d 325, 336, quoting *Foss v City of Rochester,* 65 NY2d 247, 253; *see also, Connally v General Constr. Co.,* 269 US 385, 391).

Insofar as it is pertinent to the facts of this case, Public Health Law § 3387 (3) provides for seizure of products "used, or intended for use * * * in * * * administering a controlled substance", language which Supreme Court found unconstitutionally vague. However, as the Second Circuit Court of Appeals observed, "if a statute has a core meaning that can reasonably be understood, then it may validly be applied to conduct within the core meaning, and the possibility of such a valid application necessarily means that the statute is not vague on its face" *(Brache v County of Westchester, supra,* at 51). Where, as here, the items subject to forfeiture have no "non-contrived" legitimate use *(United States v Dyer,* 750 F Supp 1278, 1292), they come within the "core meaning" of the statute.

We do not find any valid question with respect to intent

raised by this legislation. Virtually identical language, attacked as vague on the ground that it fails to specify whether the seller's or the user's intent is contemplated, has been sustained *(Casbah, Inc. v Thone,* 651 F2d 551, 559 [8th Cir 1981], *cert denied* 455 US 1005, *reh denied* 456 US 950). As the New Jersey Supreme Court stated in *Town Tobacconist v Kimmelman* (94 NJ 85, 122, 462 AD2d 573, 592), the "issue for law enforcement officers is what the owner or operator's intention or knowledge is, to be determined by all of the evidence, not simply the nature of the goods, but also the manner in which they are displayed, advertised, and all other circumstances that logically bear on the intention or knowledge of the party who is the potential defendant". It is clear to this court that an ordinary person would be put on notice by the statute that the displaying of crack pipes in his establishment would subject these items to seizure by the police. Moreover, in the absence of even the allegation that the glass pipes seized from plaintiffs may be put to any legitimate purpose, there can be no question that they are items intended for use in administering a controlled substance within the core meaning of the statute *(Hoffman Estates v Flipside, Hoffman Estates,* 455 US 489, 502, *reh denied* 456 US 950; *Brache v County of Westchester, supra,* at 49; *see also, United States v Glass Menagerie,* 721 F Supp 54 [SD NY 1989]; *United States v Main St. Distrib.,* 700 F Supp 655, 659 [ED NY 1988]). The lack of a legitimate use for the seized crack pipes obviates any question concerning the arbitrary or discriminatory enforcement of the statute. Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Ruben, JJ.