■ PROPERTY CLERK OF NEW YORK CITY POLICE DEPART-MENT, Appellant, v THOMAS M. McDERMOTT, Respondent.—Order and judgment (one paper) of the Supreme Court, New York County (Martin Schoenfeld, J.), entered on May 14, 1991 and May 23, 1991, respectively, which, following a non-jury trial, found in favor of defendant Thomas M. McDermott and directed that he recover from plaintiff Property Clerk a 1983 Ford Thunderbird automobile seized at the time of his arrest, is unanimously reversed on the law and plaintiff's application for a declaratory judgment that it is in lawful possession of the vehicle is granted, without costs and disbursements.

Plaintiff Property Clerk of the New York City Police Department commenced this action seeking a declaration that, pursuant to section 14-140 of the Administrative Code of the City of New York, it is in lawful possession of a 1983 Ford Thunderbird automobile seized from defendant Thomas Mc-

Dermott as an instrumentality used in the commission of a crime, criminal possession of a controlled substance, and that the vehicle be forfeited to plaintiff. In that regard, at the hearing held in connection with this matter, Detective Eduardo Cirillo testified that on July 17, 1989, while assigned to make observations of drug purchases, he was sitting in an unmarked police car on the southwest corner of Faile and 165th Streets when he saw, at about 12:30 P.M., a man walk up to an abandoned building across the street, approach a hole in the under-blocked portion of the exterior wall of the structure, hand money through the hole and accept several glassine envelopes in return. The man then returned to his car, which was parked in view of Detective Cirillo, who identified defendant as the person who had bought and received the glassine envelopes. According to Detective Cirillo, defendant drove his vehicle, a Thunderbird, towards Westchester Avenue, at which point the detective radioed to his field team with a description of defendant and the car. Detective Cirillo also stated that he noticed other persons make drug purchases that day at the same location.

Detective Richard Coffey testified that on July 17, 1989, he was assigned to the backup field team and was parked on Westchester Avenue north of 165th Street in what he described as a "narcotics-prone location." At approximately 12:50 P.M., he received a radio call concerning an individual and a Thunderbird vehicle. Moments later, Detective Coffey observed that same automobile traveling north on Westchester Avenue and, after a pursuit, he and other members of the field team pulled the car over and removed the driver, defendant herein. The officers frisked and then searched defendant, recovering blue glassine envelopes from his left front pants pocket. Detective Coffey placed the envelopes, which contained a white, powdery substance, along with defendant's name and other information, in a manilla envelope. The manilla envelope was put in the glove compartment of the police car before being later vouchered at the precinct when he returned there at around 2:50 P.M. Detective Coffey explained that he was in sole possession of the contraband and that there were no other envelopes in the glove compartment. Further, the glassine envelopes were vouchered in the presence of a superior officer, who saw him store the contraband in an envelope, which was then sealed. Detective Coffey also took a prenumbered voucher form and marked it with his name, the defendant's name, the tax registry number, the narcotics envelope number and delineation of the contents of the envelope, bearing the Prop-

erty Clerk's invoice number. At the time that he performed the vouchering process, Detective Coffey applied for a laboratory analysis of the white powder.

The Police Laboratory Controlled Substance Analysis Report, dated January 18, 1990, was admitted into evidence as a record "kept in the ordinary course of the police business but not with regard to the contents thereof." Detective Coffey stated that the analysis revealed that the four glassine envelopes contained a total of 3.7 grams of heroin. In addition, the report had been certified by the technician who carried out the test. Detective Coffey asserted that after defendant's apprehension, he had parked the latter's vehicle on Edgecombe Avenue near Bruckner Boulevard until later in the day when he and his colleagues picked up the car, vouchered it and transferred it to the Whitestone pound. Although Detective Coffey conceded on cross-examination that the handwritten invoice number, which was also on the analysis report, had the last number on the request for a laboratory report altered to reflect a "6", he rejected defense counsel's suggestion that he might have confused the subject envelope with another.

Defendant, however, denied possessing any drugs. His version of events was that he drove to the Bronx from his home in Hartsdale to bring his automobile back to the dealership where it had been purchased to ascertain if his leaking radiator was covered by warranty. The dealership was, he claimed, situated a few blocks from the site of his subsequent arrest. In order to acquire some cigarettes, he stopped on 165th Street near Faile and entered a bodega. After buying the cigarettes, he returned to his car and started driving on only to be pulled over by four or five police vehicles. The officers, whose guns were drawn, ordered him out of the automobile and then proceeded to rip the car apart while two others searched him. During the course of the search of his person, he noticed that one of the officers had "blue and yellow tape things" in his hand, which the latter placed in a manilla envelope. Defendant was handcuffed and put into a van, and, as the van was driven around for the next four or so hours, the police stopped to pick up more people, whose possessions were deposited into envelopes. Defendant testified that he decided to plead guilty to the charge against him because he was informed that he would be able to get his car back this way.

Following the arguments by defendant's attorney challenging the constitutionality of the relevant statute, the credibility of the police witnesses and the accuracy of the laboratory

report, the court, although expressing its disbelief of defendant's account, nonetheless ruled in his favor on the ground that the proof was inadequate to establish that defendant was in possession of heroin. According to the court:

"The problem that I'm having has to do with the lab report, and that is the fact that, as I have indicated during the course of the trial, I believe that the report can come into evidence as a business record. But any of the statements contained therein would have to be proven as they would in a criminal case, the 'beyond a reasonable doubt' standard as required. But, nevertheless, the chemist hasn't come in here to testify.

"For all I know, assuming that Mr. McDermott did purchase drugs on this date, if we had the chemist here to determine what he did to keep these drugs separate and apart from the other drugs that were purchased that day by other people, and how he used it on his weights and measurements, it could be a possibility that even if defendant was there and did purchase drugs, he didn't get what he expected to buy.

"We have somebody here from the plaintiff to testify with regard to the weight. All we have is this piece of paper that neither officer rightly so can testify. They can only testify in their experience they made an arrest based upon what they believed to be drugs. It required a confirmation.

"It is on that basis that the Court finds that the Property Clerk has failed to meet their burden of proof, and I am going to dismiss the action and direct that the car be returned to Mr. McDermott."

The court's determination was in error. Administrative Code of the City of New York § 14-140 (b) permits the Property Clerk to seize and retain possession of any property suspected of having been used as means of committing a crime or in aid or furtherance thereof. Under subdivision (e) (1) of section 14-140, any person who has used, employed, sold or held such property may not be a lawful claimant for it. The constitutionality of this provision has been upheld as modified in *McClendon v Rosetti* (460 F2d 111 [2d Cir]), not here applicable *(see, Matter of DeBellis v Property Clerk of City of N. Y.,* 79 NY2d 49; *Moreno v City of New York,* 69 NY2d 432; *Property Clerk of N. Y. City Police Dept. v Hyne,* 171 AD2d 506, *affg for reasons stated in* 147 Misc 2d 774).* Since a proceeding pursuant to Administrative Code of the City of New York § 14-140 is civil in nature, the Property Clerk "need only prove by a preponderance of the evidence that the property is subject to forfeiture" *(Matter of Property Clerk of*

*N. Y. City Police Dept. v Ferris,* 77 NY2d 428, 430). Indeed, this court has repeatedly sustained forfeiture of vehicles on facts comparable to the ones involved herein *(see, e.g., Property Clerk of N. Y. City Police Dept. v Vogel,* 175 AD2d 760; *Property Clerk of N. Y. City Police Dept. v Amato,* 171 AD2d 550; *Property Clerk of N. Y. City Police Dept. v Fanning,* 162 AD2d 282; *Property Clerk of N. Y. City Police Dept. v Aponte,* 158 AD2d 431; *Property Clerk of N. Y. City Police Dept. v Negron,* 157 AD2d 602).

Consequently, plaintiff certainly met its burden of proof in the instant situation. The Supreme Court credited the officers' testimony that defendant had been seen driving an automobile to a location known for its illegal drug transactions, engaging in such a transaction himself and using the vehicle to leave the area. Upon a search by the police, defendant was discovered to have on him a quantity of white powder which appeared to be heroin to experienced police officers and which a subsequent laboratory report, admitted as a record maintained in the ordinary course of business, confirmed was heroin. The Supreme Court was simply incorrect in requiring the testimony of a chemist *(see, Property Clerk of N. Y. City Police Dept. v Fanning, supra,* wherein the court deemed the arresting officer's affidavit sufficient to support forfeiture; *see also, Property Clerk of N. Y. City Police Dept. v Hurlston,* 104 AD2d 312; *People v Hayes,* 98 AD2d 824). Plaintiff clearly presented by a preponderance of the evidence more than adequate proof to justify the forfeiture of defendant's vehicle. Concur—Carro, J. P., Milonas, Ellerin and Ross, JJ.