OPINION OF THE COURT
Donald J. Mark, J.
Two police officers of the Rochester Police Department through an Assistant District Attorney of the Monroe County District Attorney’s office, pursuant to CPL 690.10, have submitted to the court two search warrant applications, the first, authorizing the seizure of one particularly described motor vehicle as the instrumentality of a drug transaction, and the second, authorizing the seizure of four particularly described motor vehicles as the substituted proceeds of drug transactions.
The affidavit of the police officer in support of the first application alleges that telephone conversations intercepted pursuant to an eavesdropping warrant demonstrated that a named individual was involved in the distribution of narcotics, that on a certain date and time at a certain place the same individual was observed operating the vehicle sought to be seized, that the suspect individual in that vehicle met another individual in another vehicle and an exchange of a brown paper bag took place, that the second vehicle was stopped by the police, that seven ounces of cocaine were found in the brown paper bag and seized from the individual in the second vehicle and that the vehicle sought to be seized was driven exclusively by the suspect individual.
The affidavit of the police officer in support of the second application alleges that telephone conversations intercepted pursuant to an eavesdropping warrant demonstrated that a named individual (the same individual referred to in the first application) was involved in the distribution of narcotics, that on a certain date at a certain place the same individual was observed purchasing two described motor vehicles at an automobile auction, that these purchases were confirmed by the suspect individual in an intercepted telephone conversation, that a confidential informant whose reliability had been established disclosed that the suspect individual had purchased two *301 other described vehicles, that the purchase of one of the vehicles was confirmed by the suspect individual in an intercepted telephone conversation, that the suspect individual is not employed, that his sole source of income is derived from illegal drug trafficking and that the proceeds from this illegal activity were used to purchase the four vehicles.
The police, through the mechanism of these two search warrants seeking seizure of these five motor vehicles, are actually seeking forfeiture of these five motor vehicles (see, Property Clerk of N. Y. City Police Dept. v Fanning, 162 AD2d 282 [forfeiture sought for automobile used in drug transaction]; United States v Benevento, 663 F Supp 1115, affd 836 F2d 129 [forfeiture granted for properties derived from the proceeds of violations of Federal narcotics laws]). However, the statute relied upon by the police, CPL 690.10, does not authorize such forfeiture; only Public Health Law § 3388, Penal Law article 480 and CPLR article 13-A provide authority for forfeiture.
Matter of B. T. Prods. v Barr (54 AD2d 315, affd 44 NY2d 226) makes it clear that search warrants cannot be used for any purpose except as stated in the applicable criminal statutes. CPL 690.10 provides as follows:
"Personal property is subject to seizure pursuant to a search warrant if there is reasonable cause to believe that it:
"1. Is stolen; or
"2. Is unlawfully possessed; or
"3. Has been used, or is possessed for the purpose of being used, to commit * * * an offense; or
"4. Constitutes evidence or tends to demonstrate that an offense was committed”.
Obviously, the second search warrant application, which requests seizure of four vehicles allegedly purchased from the proceeds of drug transactions, does not fit into any one of the four categories in that section.
The first search warrant application alleges sufficient facts to justify a search of the suspect individual’s vehicle for cocaine under subdivision (2) by alleging that cocaine was unlawfully possessed in the vehicle (see, e.g., People v Smith, 182 AD2d 854, lv denied 80 NY2d 838), and under subdivision (3) by alleging that cocaine was possessed in the vehicle for the purpose of unlawful sale (see, e.g., People v Avery, 129 AD2d 852, lv denied 70 NY2d 642). However, this application *302 seeks to seize the suspect individual’s vehicle, and not to search that vehicle and seize cocaine if it is located.
Thus, under CPL 690.10, there is no authority for the issuance of the first search warrant either.
Nevertheless, there is, ostensibly, a procedure available to the police to seize only the suspect individual’s vehicle described in the first search warrant application, which does not require judicial intervention.
Public Health Law § 3388, in pertinent part, reads as follows:
"1. * * * it shall be unlawful to:
"(a) transport * * * any controlled substance in * * * any vehicle * * * or
"(b) conceal or possess any controlled substance in * * * any vehicle * * * or
"(c) use any vehicle * * * to facilitate the transportation * * * possession, purchase, or sale of any controlled substance.
"2. Any vehicle * * * which has been or is being used in violation of subdivision one * * * shall be seized by any * * * police officer, and forfeited * * *
"4. * * * it shall be the duty of the corporation counsel of the city * * * if it appears probable that a forfeiture has been incurred * * * to cause the proper proceedings to be commenced and prosecuted”.
The observations of the police of the drug transaction were sufficient to justify the seizure of that vehicle at that time. This is analogous to the situation in People v Harvey (151 AD2d 1009, lv denied 74 NY2d 948), in which the defendant drove his automobile to a parking lot where a police informant walked over to the defendant’s automobile and handed the defendant $2,000 for the cocaine he had purchased from the defendant the day before. The Appellate Division, Fourth Department, held that the forfeiture of the defendant’s automobile was legally proper under subdivision (1) (c) because it was used to facilitate the purchase or sale of a controlled substance.[1]
Notwithstanding the fact that Public Health Law § 3388 *303 provides for the summary seizure of a motor vehicle involved in a drug transaction, the constitutionality of that section is doubtful because of the case of United States v Lasanta (978 F2d 1300), decided by the Court of Appeals for the Second Circuit on October 21, 1992.[2]
In Lasanta (supra), the automobile of a codefendant Cardova was seized upon the assumption by the Government agents that merely having probable cause to believe that it was used in connection with narcotics trafficking was sufficient under the forfeiture statute to authorize its seizure and that no warrant was required. The forfeiture statute (21 USC § 881) authorizes the Attorney General to seize for forfeiture, inter alla, a vehicle that is used to facilitate a narcotics transaction. Concluding that the civil forfeiture seizures in drug cases were not exempted from the Fourth Amendment proscription against unreasonable searches and seizures, that court held that the Government needed a warrant to seize Cardova’s automobile, and the unconstitutional seizure of the car rendered its subsequent inventory search invalid.[3]
While the predicate here can be distinguished from Lasanta (supra), because here there is a request for a seizure only and no anticipated subsequent search, that case stated very plainly, "We find no language in the fourth amendment suggesting that the right of the people to be secure in their 'persons, houses, papers and effects’ applies to all searches and seizures except civil-forfeiture seizures in drug cases” (supra, at 1305).[4] This case appears to have created a new procedure, one not contemplated by CPL 690.10, the seizure warrant.[5] The safest course is for the police to comply by applying for a seizure warrant upon a showing of probable cause for forfeiture, as is the case here.
The remedy of forfeiture for the five motor vehicles de *304 scribed in both search warrant applications is also available to the District Attorney by virtue of Penal Law article 480.
Section 480.00 provides in pertinent part as follows: "1. 'Felony offense’ means only a felony defined in article two hundred twenty of this chapter”. Section 480.05 provides in pertinent part as follows:
"When any person is convicted of a felony offense, the following property is subject to forfeiture pursuant to this article:
"(a) Any property constituting the proceeds or substituted proceeds of such offense * * *
"(b) Any property constituting an instrumentality of such offense”.
Section 480.10 delineates the procedure which the District Attorney must follow in order to effect forfeiture, which includes a Grand Jury determination that the indicted defendant’s property may be subject to forfeiture, and a separate trial upon the issue of forfeiture by the jury or court which convicted the defendant of the drug offense.[6]
Under this section the District Attorney could prosecute the defendant for the felony offense of the sale and possession of a controlled substance as alleged in the two search warrant applications and simultaneously conduct a forfeiture proceeding to cause forfeiture of the motor vehicle in the first application as the instrumentality of a drug felony and forfeiture of the motor vehicles in the second application as the substituted proceeds of such crime.
CPLR article 13-A provides a third procedure by which the District Attorney could cause the forfeiture of the five vehicles described in the two search warrant applications.
CPLR 1310 provides in pertinent part as follows:
"5. 'Post-conviction forfeiture crime’ means any felony defined in the penal law * * *
"6. 'Pre-conviction forfeiture crime’ means only a felony defined in article two hundred twenty * * * of the penal law * * *
"11. 'Claiming authority’ means the district attorney having jurisdiction over the offense”.
*305 CPLR 1311 provides in pertinent part as follows:
“1. A civil action may be commenced by the appropriate claiming authority against a criminal defendant to recover the property which constitutes the proceeds of a crime, the substituted proceeds of a crime, an instrumentality of a crime * * *
“(a) * * * An action relating to a post-conviction forfeiture crime must be grounded upon a conviction of a felony defined in subdivision five * * *
~(b) * * * An action relating to a pre-conviction forfeiture crime need not be grounded upon conviction of a pre-conviction forfeiture crime".[7]
The section would empower the District Attorney to institute a civil forfeiture proceeding against the suspect individual, for the five vehicles described in the two search warrant applications, as the instrumentality of a drug felony (e.g., Property Clerk of N Y. City Police Dept. v Fanning, supra),[8] and the substituted proceeds of drug felonies (see, District Attorney of Queens County v McAuliffe, 129 Misc 2d 416) before a criminal proceeding against that individual was commenced.
Accordingly, the application for the first search warrant to seize the suspect individual’s motor vehicle as the instrumentality of a drug transaction is granted, and the application for the second search warrant to seize the suspect individual’s four motor vehicles as the substituted proceeds of drug transactions, is denied.

. This case would seem to sanction the seizure of this vehicle even at this time, since there, the defendant’s automobile was seized the day after the defendant transferred the cocaine to the purchaser. This also would be consistent with the language of subdivision (2) which refers to the past tense.

. Prior to this decision, on May 19, 1992, the Appellate Division, First Department, in Stallone v Abrams (183 AD2d 555), rejected a constitutional challenge to Public Health Law § 3388. The plaintiffs claimed that section was unconstitutional because it shifted the burden of proof from law enforcement officials to the owners of seized property, which, by inference, is close to the argument accepted by the Second Circuit.

. This opinion places the holding in People v Harvey (supra) in jeopardy.

. United States v Ramos-Morales (981 F2d 625, 631) cited Lasanta (supra) with approval and also indicated the Circuits are split on this issue.

. Federal Rules of Criminal Procedure rule 41 reads basically the same as CPL 690.10, yet the Second Circuit encountered no difficulty in requiring a seizure warrant.

. The effective date of this section is November 1, 1990. The only reference to it in the case law is People v Martinez (151 Misc 2d 641, 646, n 5). The cases cited to illustrate the forfeiture provisions of CPLR article 13-A in relation to the substituted proceeds of a crime and the instrumentality of a crime would be equally illustrative of this section.

. CPLR article 13-A differs from Penal Law article 480 in that it is civil in nature, it authorizes postconviction forfeiture relative to any felony and it authorizes preconviction forfeiture for a drug felony.

. This forfeiture proceeding was instituted under Administrative Code of the City of New York § 14-140 (e) (1), which refers to the instrumentality of a crime as does CPLR article 13-A, so this example is appropriate.