■ In the Matter of THOMAS J. BURKE, Appellant, v JULIE DENISON, as Chairperson of the Zoning Board of Appeals of the City of Albany, et al., Respondents. [630 NYS2d 421] —Mikoll, J. Appeal from a judgment of the Supreme Court (Harris, J.), entered January 4, 1995 in Albany County, which, *inter alia*, dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Zoning Board of Appeals of the City of Albany denying petitioner's request for a special use permit.

In May 1993 petitioner, a contract vendee to purchase certain real property located at 1066 Madison Avenue in the City of Albany, applied to respondent Zoning Board of Appeals of the City of Albany (hereinafter the Board) for a special use permit. Petitioner sought to construct a 3,600-square-foot take-out/carry-out restaurant comprised of three separate food franchises with a common eating area for 75 seated patrons. The Board denied the application, concluding that the project was "too intensive for the property and it cannot be sited so that the public's health, safety and welfare will be protected". The Board's ruling was thereafter annulled by Supreme Court. On appeal, this Court reversed Supreme Court's judgment and, noting that the provisions of the zoning ordinance regarding parking had been amended, remitted the matter to the Board to determine "the nature of petitioner's proposed use which, in turn, will dictate the number of off-street parking spaces required, ultimately determining whether petitioner is entitled to the special use permit" (*Matter of Burke v Denison*, 203 AD2d 642, 645). Upon the remittal, the Board again voted to deny the application for the special use permit. Specifically, the Board found that the proposed use constituted a "take-out/carry-out restaurant" and that the number of off-street parking spaces proposed did not comply with the requirements of the zoning ordinance.

Petitioner then brought the instant CPLR article 78 proceeding/declaratory judgment action seeking to, *inter alia*, annul the Board's determination and have the provision of the zoning ordinance defining "take-out/carry-out restaurant" declared void for vagueness. Supreme Court held that the Board's determination had a rational basis and dismissed the petition. This appeal by petitioner ensued. The judgment of Supreme Court should be affirmed.

Petitioner's argument that the Board's finding is arbitrary, capricious and without a rational basis because it requires that a greater number of off-street parking spaces be provided than proposed, and is in effect a denial of his request for a special use permit, is rejected. The Board's determination is not arbitrary or capricious, has a rational basis and is supported by the record.

The zoning ordinance *sub judice* defines both a "sit down restaurant" and a "take-out/carry-out restaurant". A "sit down restaurant" is defined as: "A restaurant serving customers who are seated principally at tables and where waited on when seated, for both food and beverages, and where a variety of meals are offered. Further, where any bar area is secondary and incidental to food service, containing not more than 1 seat for every 5 table seats, and where the bar does not remain open for extended periods of time for alcohol consumption after the normal menu food service has closed, nor allows for seated patrons to acquire beverages except by waiter or waitress." A "take-out/carry-out restaurant" is defined as: "A restaurant with ready-to-eat foods with customers ordering their food at a counter as opposed to menued table services. A restaurant shall be considered take-out even if some seating capacity exists as long as food is served in a take-out manner." The Board concluded that because customers frequenting the fast food franchises included in petitioner's proposal would be ordering their food at a counter, instead of through menued table service, petitioner's proposed use fits within the definition of a "take-out/carry-out restaurant".

A review of the record indicates that the Board's determination that the proposed use constitutes a "take-out/carry-out restaurant" is amply supported by the evidence. The proposed franchises are national fast food restaurants known for their "take-out" service. Admittedly, patrons would be free to obtain their food and leave the restaurant. Further, the lack of waiters/waitresses is more in keeping with the characteristics of a "take-out/carry-out restaurant" than of a sit down restaurant. The interpretation of a zoning ordinance by a zon-

ing board is entitled to great deference and will not be disturbed unless it is irrational or unreasonable (*see, Matter of Frishman v Schmidt*, 61 NY2d 823, 825; *see also, Matter of Tallini v Rose*, 208 AD2d 546, 547, *lv denied* 85 NY2d 801; *Matter of Chrysler Realty Corp. v Orneck*, 196 AD2d 631, 632).

Petitioner's claim that the definition of "take-out/carry-out restaurant" in the zoning ordinance is unconstitutionally vague in that it fails to define what constitutes food "served in a take-out manner" and fails to define or otherwise provide criteria for the meaning of the phrase "some seating capacity" is not persuasive. There is no constitutional deficiency established here.

"[A] legislative enactment is presumed to be valid and the party seeking to invalidate the provision has the heavy burden of demonstrating that the statute is unconstitutional" (*New Amber Auto Serv. v New York City Envtl. Control Bd.*, 163 Misc 2d 113, 116; *see, Matter of Durante v Town of New Paltz Zoning Bd. of Appeals*, 90 AD2d 866, 867). "Due process requires only a reasonable degree of certainty so that individuals of ordinary intelligence are not left to guess at the meaning of a given statutory term" (*Doe v State of New York*, 189 AD2d 199, 210 [citation omitted]; *Stallone v Abrams*, 183 AD2d 555, 557). Challengers for vagueness must show " 'that the statutory language is so indefinite that they could not have reasonably understood' them" (*Doe v State of New York, supra*, at 210, quoting *State of New York v Rutkowski*, 44 NY2d 989, 991). The terms in dispute provide a reasonable degree of certainty as to their meaning. Petitioner's challenge fails in this regard.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.