Malone Jr., J.
Appeal from a judgment of the Supreme Court (Fritzker, J), entered July 3, 2007 in Washington County, which dismissed petitioner’s application, in a proceeding pursuant to CFLR article 78, to review a determination of respondent prohibiting further construction of a building by petitioner.
Fetitioner owns a parcel of land located in the Town of Dresden, Washington County and, in 2004, he applied to the Washington County Department of Code Enforcement for a building permit to construct a 20-foot-by-30-foot structure on his property, originally described as a detached storage and utility building that would not have any water or septic facilities. The permit was initially issued by the Town Supervisor, who was apparently unaware that petitioner’s property was subject to the Town’s “Ordinance Establishing Bluff Head Residential Area in the Lake George Park” (hereinafter the ordinance), which purportedly prohibited such structure. After a lengthy *875 investigation, which included a series of public hearings, respondent determined that the proposed structure violated the ordinance and, consequently, adopted a resolution, stating that petitioner was required to obtain a variance, and issued a stop work order. Petitioner then commenced this CPLR article 78 proceeding challenging that resolution. Finding respondent’s interpretation of the ordinance to be rational, Supreme Court dismissed the petition, prompting this appeal.*
The ordinance at issue, enacted in 1971 by respondent under the authority of General Municipal Law § 280—which was designed to protect the integrity of the Lake George Park— provides that all property located within the Bluff Head residential area “shall be used only for single, private family residential purposes, and non-profit recreational purposes.” Respondent interprets this language as limiting the permitted uses in the area to single family dwellings and accessory uses. According to respondent, because petitioner’s proposed structure will not be equipped with water or permanent sanitation facilities customary to a residential dwelling and is capable of only transient, rather than permanent, occupancy, petitioner must obtain an area variance to construct it. Petitioner contends that this interpretation of the ordinance is arbitrary and capricious and overly restrictive.
A municipality’s interpretation of a zoning ordinance is entitled to deference and will not be disturbed unless it is unreasonable or irrational (see Matter of Frishman v Schmidt, 61 NY2d 823, 825-826 [1984]; Matter of Burke v Denison, 218 AD2d 894, 895-896 [1995]). Here, respondent discussed the proposed project at numerous meetings, entertained public comments and solicited the advice of the Town Attorney before adopting the challenged resolution. Regardless of the fact that petitioner attempted to reclassify the structure as a “seasonal cottage” after respondent issued the stop work order, he has consistently represented that the structure will not be equipped with water or permanent sanitation facilities. Under the circumstances presented here, it cannot be said that it was irrational or unreasonable for respondent to determine that a structure that lacks potable water or permanent sanitation facilities and is not capable of permanent occupancy is not a residential use within the meaning of the ordinance. As such, Supreme Court properly dismissed the petition.
Cardona, EJ., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.

 Petitioner informs this Court that, subsequent to Supreme Court’s judgment, he applied for an area variance but that the Town has not yet rendered a decision on his application.