(March 2, 1989)

■ Property Clerk of New York City Police Department, Appellant, v Darlene Conca et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Edith Miller, J.), entered October 20, 1987, which dismissed the petition in this forfeiture proceeding brought pursuant to Administrative Code of the City of New York § 14-140, unanimously reversed, on the law, the petition reinstated, and the matter remanded to the Supreme Court for further proceedings, without costs.

Respondent Darlene Conca was arrested for possession of a small quantity of heroin and charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). At the time of her arrest, she was driving the vehicle here at issue, a Chevrolet Camaro registered in the name of her mother, respondent Geraldine Conca. In connection with the arrest, the car was seized and delivered to the New York City Police Department.

Subsequently, the original criminal charge against Darlene Conca was reduced to a disorderly conduct violation and the District Attorney authorized the release of the vehicle.

In this proceeding, the Police Department Property Clerk petitions for forfeiture of the vehicle on the ground that it was used in furtherance of the commission of a crime, pursuant to Administrative Code § 14-140. The respondents contend that since the ultimate charge and conviction were for disorderly conduct, a violation, the automobile was not used in furtherance of a "crime". Respondents also contend in defense to the forfeiture proceeding that the vehicle was owned by Geraldine Conca and that she did not permit the car to be used in furtherance of a crime.

The IAS court dismissed the petition because it found that Darlene Conca's criminal conviction was only of a "violation" and not a "crime", and, therefore, could not serve as the subject of a forfeiture action premised on the use of the vehicle in the commission of a crime.

Since it is well settled that the disposition of the underlying criminal charges is not dispositive in a forfeiture proceeding, it was error to dismiss the petition. Indeed, even a judgment of acquittal, or a decision to abandon the criminal charges, is not determinative in the forfeiture proceeding as to whether a crime was committed. Instead, an independent determination must be made in this civil proceeding, based on a preponderance of the evidence, as to whether the seized property is subject to forfeiture in accordance with the provisions of the civil forfeiture statute. *(E.g., Matter of Property Clerk, N. Y. City Police Dept. v Batista,* 111 AD2d 135; *Property Clerk of N. Y. City Police Dept. v Hurlston,* 104 AD2d 312; *Property Clerk, N. Y. City Police Dept. v Corbett,* 116 Misc 2d 1097.) Accordingly, the petition is reinstated and the matter remanded to the Supreme Court for an independent determination of whether the car was used in furtherance of a crime, and for a determination of the other defense raised by respondents involving the actual ownership of the vehicle, and whether the mother intentionally acquiesced in the daughter's use of the car in furtherance of a crime. *(See, e.g., Chmielewski v Rosetti,* 59 Misc 2d 335.) Concur—Murphy, P. J., Asch, Milonas, Ellerin and Wallach, JJ.