■ PROPERTY CLERK OF NEW YORK CITY POLICE DEPARTMENT, Appellant, v MICHELE LANZETTA, Respondent.—Order and judgment (one paper) of the Supreme Court, New York County (Leonard Cohen, J.), entered on or about October 21, 1988, which dismissed the petition pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, without costs, the motion denied, and the matter remanded to Supreme Court for a hearing regarding the disposition of the seized property. Appeal from the order of the same court, entered February 23, 1989, which granted petitioner leave to reargue and, upon reargument, adhered to the court's original determination, dismissed as academic, without costs.

Respondent's 1983 Buick Regal was impounded on May 13, 1988 after her passenger, one Scott Berland, under the observation of an undercover police officer, entered a known, drug-prone location, purchased a vial of cocaine (crack) and returned to the vehicle, whereupon respondent and her passenger drove away. The vehicle was stopped by a backup police officer and the occupants arrested. The vial and two crack

pipes were recovered from the automobile. Respondent was charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), a class A misdemeanor. The subject vehicle was delivered to petitioner as property suspected of having been employed in aid and furtherance of a crime (Administrative Code of City of New York § 14-140).

In connection with a disposition of adjournment in contemplation of dismissal of the criminal charge, respondent obtained a release from the District Attorney's office dated May 18, 1988, stating that the automobile would not be required in the prosecution of her case. This release is clearly stamped "NYPD Forfeiture." On August 15, 1988, respondent obtained a second release, signed by a different Assistant District Attorney, under circumstances which are not established by the briefs or the record. This release, which was "so ordered" by a Criminal Court Judge, makes no reference to a pending forfeiture proceeding and states, "This property may be delivered to Michele Lanzetta as described in the above captioned voucher number" and indicates the location at which the property "may be obtained." Supreme Court concluded that this release constitutes a waiver by the District Attorney of any claim to possession of the vehicle and dismissed the civil forfeiture action. This was error.

As an initial consideration, disposition of the criminal action is not determinative of the civil proceeding to which there applies a lesser standard of proof, viz., a mere preponderance of the evidence (*Property Clerk of N. Y. City Police Dept. v Conca,* 148 AD2d 301, 302; *Matter of Property Clerk, N. Y. City Police Dept. v Batista,* 111 AD2d 135, 136). Therefore, adjournment of the criminal matter in contemplation of dismissal and the ultimate dismissal of that action does not operate as an adjudication of the claim to ownership of the property subject to forfeiture. Secondly, the waiver executed by the Assistant District Attorney and signed by Criminal Court states only that the District Attorney does not require the automobile for use in the prosecution of the crime. It does not purport to waive any rights which petitioner may assert pursuant to section 14-140 (e) (1) of the Administrative Code of the City of New York. This provision precludes any person who "permit[s] or suffer[s]" property to be "employed in aid or in furtherance of crime" from making claim to the property in a forfeiture action brought by petitioner. Therefore, to the extent the release dated August 15, 1988 may be said to constitute a valid waiver of the District Attorney's claim to

the subject vehicle, it does not waive any claim which may be asserted by petitioner, as represented by the Corporation Counsel. Moreover, in view of the earlier (Mar. 18, 1988) release, which makes prominent mention of the forfeiture proceeding, and the apparent lack of awareness of this action on the part of both the Assistant District Attorney and the Criminal Court Judge who signed the later (Aug. 15, 1988) release, we decline to adopt Supreme Court's conclusion that there was a knowing and intelligent waiver of any right to the subject property. Concur—Kupferman, J. P., Asch, Milonas, Wallach and Rubin, JJ.