252 N.J. Super. 312 (1991)
599 A.2d 932
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
ONE 1988 HONDA PRELUDE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1991.
Decided December 6, 1991.
*313 Before Judges MICHELS and O'BRIEN.
Ernest Hemschot III, Assistant Prosecutor argued the cause for appellant (Ronald S. Fava, Passaic County Prosecutor, attorney, Ernest Hemschot III, of counsel and on the letter brief).
Ronald P. Groseibl argued the cause for respondent (Groseibl & Terranova, attorneys, Ronald P. Groseibl, on the letter brief).
Catherine A. Foddai, Deputy Attorney General, argued the cause for the Attorney General amicus curiae (Robert J. Del Tufo, Attorney General, attorney, Catherine A. Foddai, on the letter brief).
The opinion of the court was delivered by O'BRIEN, J.A.D.
The State, through the Passaic County Prosecutor's Office, appeals from the dismissal of its complaint seeking forfeiture of a 1988 Honda Prelude automobile with Pennsylvania registration, allegedly owned by Diana M. Perry and used by her to facilitate the perpetration of illegal acts pursuant to N.J.S.A. 2C:64-1(a)(2). We reverse and remand.
On October 19, 1990 at approximately 12:45 a.m., Perry was driving her 1988 Honda automobile in Passaic accompanied by Darryl Lipscomb. She stopped at one point and Lipscomb got *314 out of the car, went into an alleyway for a few seconds and returned to the vehicle. As they proceeded, Perry drove through a red light at the intersection of Main and Summer Streets, whereupon she was stopped by a marked police vehicle which had had Perry's vehicle under surveillance from the time she first dropped Lipscomb off at the alleyway. As one of the officers approached the vehicle, he observed an object thrown out of the driver's side window. When retrieved, the object was found to be a clear plastic bag containing cocaine. Perry and Lipscomb were arrested and the automobile was impounded.
Perry was ultimately charged with possession of cocaine (N.J.S.A. 2C:35-10a(1)), possession of CDS in a vehicle (N.J.S.A. 39:4-49.1), improper passing (N.J.S.A. 39:4-85), and failure to stop (N.J.S.A. 39:4-115b). Lipscomb was charged with possession of cocaine, attempted assault (N.J.S.A. 2C:12-1(a)), and resisting arrest (N.J.S.A. 2C:29-2). Prior to the probable cause hearing in the municipal court, the State downgraded the indictable complaint to charge Perry and Lipscomb with possession of narcotics paraphernalia (N.J.S.A. 2C:36-2), Perry with possession of CDS in a vehicle (N.J.S.A. 39:4-49.1), and Lipscomb with simple assault and resisting arrest.
On December 3, 1990, the State filed a civil complaint seeking forfeiture of the automobile owned by Perry pursuant to N.J.S.A. 2C:64-1 et seq. In accordance with Rule 4:67-2(a), an order was issued directing Perry to show cause why her vehicle should not be forfeited. Perry cross-moved for dismissal of the complaint and for leave to file an answer out of time. After several adjournments, the matter was finally heard on March 8, 1991, resulting in the order under review of March 25, 1991 dismissing the forfeiture complaint with prejudice. The State appeals. By order of July 29, 1991, we granted a motion by the attorney general to appear and argue as amicus curiae. On September 25, 1991, we denied the State's motion to supplement *315 the record.[1]
In dismissing the complaint the trial judge relied upon our decision in State v. One (1) 1979 Chevrolet Camaro Z-28, 202 N.J. Super. 222, 494 A.2d 816 (App.Div. 1985), in which we concluded that the language "unlawful activity" and "illegal acts" used in N.J.S.A. 2C:64-1a(2) refers only to crimes, i.e., indictable offenses, and not disorderly persons offenses. Id. at 230, 494 A.2d 816. Thus, Perry argues that since the ultimate charges against her were disorderly persons offenses and not indictable, her vehicle cannot be forfeited. The trial judge agreed.
On this appeal, the prosecutor argues that he has no quarrel with our holding in State v. One (1) 1979 Chevrolet Camaro Z-28, but observes that the court there did not require an arrest, indictment or conviction, but simply found that the terms "unlawful activity" and "illegal acts" should be interpreted to mean "indictable, unlawful activity" and "indictable, illegal acts." Since the unlawful activity and illegal acts alleged to have been facilitated by Perry were indictable, the facts that the offenses were downgraded and that she was ultimately acquitted are thus irrelevant, argues the prosecutor.
Courts have permitted forfeiture even when all criminal charges are completely dismissed on the State's motion. State v. Rodriguez, 130 N.J. Super. 57, 324 A.2d 911 (App.Div.), certif. denied, 66 N.J. 325, 331 A.2d 24 (1974). The United States Supreme Court has held that even a complete and full acquittal could not bar a forfeiture action. See One Lot Emerald Cut Stones and One Ring v. United States, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972). Forfeiture has been *316 permitted in a case where the indictable charges were not billed and the remaining disorderly persons complaint was dismissed. See State v. Rose, 173 N.J. Super. 478, 414 A.2d 600 (App.Div. 1980). We have held that criminal guilt or innocence is not per se relevant in a forfeiture action, even as to third parties, State v. One 1979 Pontiac Sunbird, 191 N.J. Super. 578, 468 A.2d 715 (App.Div. 1983), where forfeiture of an automobile was granted by the trial court. We reversed and remanded the matter for trial because of proof defects which could not sustain summary judgment, but held that property of a criminally innocent owner could be forfeited, citing Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452, reh'g denied, 417 U.S. 977, 94 S.Ct. 3187, 41 L.Ed.2d 1148 (1974). Moreover, N.J.S.A. 2C:64-4(b) provides:
The fact that a prosecution involving seized property terminates without a conviction does not preclude forfeiture proceedings against the property pursuant to this chapter.
See also State v. Cunningham, 186 N.J. Super. 502, 453 A.2d 239 (App.Div. 1982).
The attorney general goes beyond the argument of the prosecutor, suggesting that State v. One 1979 Chevrolet Camaro Z-28 may have been wrongly decided. However, we do not have to resolve that question since the attorney general also notes that claimant Perry was originally charged with a third degree crime, notwithstanding it was downgraded to a disorderly persons offense. Hence, the State asserts that the vehicle was used to facilitate a crime within the reasoning of State v. One 1979 Chevrolet Camaro Z-28. Furthermore, even though the forfeiture statute creates a right of action against the property, it nevertheless requires a direct causal relationship between the use of the property and the unlawful activity. State v. One 1986 Subaru, 230 N.J. Super. 451, 457, 553 A.2d 869 (App.Div. 1989), aff'd in part, rev'd in part, 120 N.J. 310, 576 A.2d 859 (1990). Modern forfeiture statutes were enacted as a means of preventing the commission of particular offenses or as a means of providing incentives to owners of property to *317 be more responsible in using the property. State v. 1979 Pontiac Trans Am, 98 N.J. 474, 480-481, 487 A.2d 722 (1985). Forfeiture proceedings are civil in rem actions against the property itself. Id. at 480, 487 A.2d 722.
When the Legislature enacted N.J.S.A. 2C:64-1, it designated as prima facie contraband, controlled dangerous substances, firearms which were unlawfully possessed, carried, acquired or used, illegally possessed gambling devices and untaxed cigarettes. N.J.S.A. 2C:64-1a(1). Each of these objects had been the subject of legislation which permitted their forfeiture. See, e.g., N.J.S.A. 2A:151-16; N.J.S.A. 2A:152-6; N.J.S.A. 24:18-38; N.J.S.A. 54:40A-30. When such property is not involved, forfeiture is limited to situations where the State presents proof that the property was used in furtherance of unlawful or illegal activity. N.J.S.A. 2C:64-1a(2)(3) and (4). Although the terms unlawful or illegal are not defined in the statute, unlawful is defined in chapter 37 as simply meaning not specifically authorized by law (N.J.S.A. 2C:37-1k). In State v. Rose, 173 N.J. Super. 478, 414 A.2d 600 (App.Div. 1980), we reversed a trial judge's decision concluding that even though no criminal proceedings were pending against a defendant, nevertheless, the cash involved could be detained subject to a civil forfeiture proceeding to determine whether it was the fruit of criminal activity. Id. at 483, 414 A.2d 600. We recognized the nature of civil forfeiture actions which are directed at property and not an individual and determined that the State should be permitted to prove that the cash was derived from illegal activities. Id. at 484-485, 414 A.2d 600.
A case similar to this case arose in New York in Property Clerk v. Conca, 148 A.D.2d 301, 538 N.Y.S.2d 268 (N.Y. App. Div. 1989), where the claimant was arrested and charged with possession of heroin while driving an automobile. At the time of the arrest, the police seized her automobile. When the charge was reduced to a disorderly conduct violation, the trial judge granted claimant's request to have the car returned because the ultimate charge against her was not a crime. In *318 reversing that decision, the New York Appellate Division reiterated the well established rule that disposition of the underlying criminal charges is not dispositive in a forfeiture proceeding. Rather,
An independent determination must be made in this civil proceeding based upon a preponderance of the evidence as to whether the seized property was the subject of forfeiture in accordance with the provisions of the civil forfeiture statute. [148 A.D.2d 301, 538 N.Y.S.2d at 269].
The One 1979 Chevrolet Camaro Z-28 court did not repudiate longstanding case law which had made it clear that the outcome of the criminal proceedings did not impact on the validity or viability of civil forfeiture proceedings. In effect, the court determined that the State failed to prove the causal connection between the illegal activity and the property sought to be forfeited.
We conclude that in this case the forfeiture complaint should not have been dismissed, but the State should have been permitted to proceed with the presentation of its evidence in support of its claim that the automobile was used by Perry in furtherance of an unlawful activity as a conveyance intended to facilitate the perpetration of illegal acts.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] A plea bargain Perry had entered into was vacated on March 4, 1991 by the municipal court judge on motion of the State and over the objection of counsel for Perry. After trial on that date, the judge reserved decision and, ultimately, on June 3, 1991, found both Perry and Lipscomb not guilty of possession of drug paraphernalia (N.J.S.A. 2C:36-2), and Perry was found not guilty of possession of CDS in her vehicle (N.J.S.A. 39:4-49.1).