John E. CASABURRO, Plaintiff,

v.

Mayor Rudolph GIULIANI; The City of New York; The NYC Police Dept./Officer (# 13318) Edward Steinmacher; The Command of the 10th Precinct NY; The Criminal Court of the City of NY; And Midtown Community Court/Clerk D. Vasti, et al., and other Defendants (Names Unknown), Defendants.

No. 95 Civ. 492(SAS).

United States District Court, S.D. New York.

Sept. 29, 1997.

John E. Casaburro, Deland, FL, for Plaintiff.

Michael Kennedy, Asst. Atty. Gen., New York City, Stephen Kitzinger, Asst. Corp. Counsel, New York City, for Defendants.

### OPINION AND ORDER

SCHEINDLIN, District Judge.

Pro se plaintiff John Casaburro ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 seeking damages of $10,000,000 for alleged violations of his civil rights at the time of his arrest. Plaintiff was arrested on October 12, 1994, for solicitation of a prostitute. He pled guilty to a lesser charge of disorderly conduct, for which he was sentenced to a single day of community service, attendance at a health education/prostitution class, and a fine of $45. In addition, his truck and the tools contained therein were confiscated. On January 24, 1995, plaintiff initiated an action against the above-named defendants alleging multiple violations of his constitutional rights. His Complaint was dismissed *sua sponte* (Griesa, Ch. J.) based on Plaintiff's guilty plea and subsequent conviction. Plaintiff appealed. On June 7, 1995, the Court of Appeals vacated the judgment and reinstated Plaintiff's Eighth Amendment claims.

The Complaint alleges that Plaintiff's constitutional rights were violated by the defendants' imposition of excessive punishment, cruel treatment, and excessive fines prohibited by the Eighth Amendment. *See* Complaint ("Compl.") at ¶ 4. Plaintiff argues (1) that his treatment by defendants constituted cruel and unusual punishment proscribed by the Eighth Amendment; and (2) that defendants' failure to return his truck and tools amounted to an excessive fine.

The named defendants have divided themselves into two groups according to their affiliation with the City or State of New York. Defendants identifying themselves as New York City defendants consist of Mayor Rudolph Giuliani, the City of New York, the New York City Police Department, Police Officer Edward Steinmacher and the Command of the 10th Precinct (the "City defendants"). The New York State defendants are composed of the Criminal Court of the City of New York, Midtown Community

Court and Court Clerk Don Vasti (the "State defendants"). Both groups of defendants move separately to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. For the reasons stated below, the Complaint is dismissed as to the State defendants on 11th Amendment grounds. It is also dismissed against defendant Mayor Rudolph Giuliani for lack of personal involvement. The Complaint is not dismissed as to the remaining City defendants against whom Plaintiff has cognizable Eighth Amendment claims.

## I. The Facts

Before the incident in issue, Plaintiff was a politician, house painter and contractor. *See* Compl. at ¶¶ 10, 11. On the night of October 12, 1994, Plaintiff drove his leased truck, in which he stored the equipment used in his house painting business, to 11th Avenue and 24th Street in Manhattan. *Id.* at ¶¶ 6, 10. There, he encountered a woman with whom he discussed "oral sex and money." *Id.* Plaintiff was subsequently "surrounded by police" and learned that the woman with whom he had been conversing was an undercover police officer. *Id.* at ¶ 6. Plaintiff was arrested for solicitation of a prostitute, his truck and tools were seized, and he was brought to the 10th Precinct. *Id.* at ¶¶ 7, 8, 10.

Plaintiff and six others were placed in a holding cage "that had no seats, no water, poor ventilation." *Id.* at ¶ 9. Plaintiff notified the arresting officers that he was under a chiropractor's care for back problems and complained that being tightly handcuffed behind his back was inhumane. *Id.* at ¶¶ 8, 9. He was then re-handcuffed to a hook approximately 12 inches above the floor. *Id.* at ¶ 9. On complaining that this was worse, Plaintiff was cuffed to the front of the cell in a standing position. *Id.* He still complained that the handcuffs were too tight. *Id.* Plaintiff asserts that he was forced to stand upright, without sleep or water, tightly "handcuffed for over seven hours." *Id.*

The following morning, Plaintiff was transported to the Midtown Community Court, where he was kept waiting in a van for over half an hour with his hands cuffed behind his back. *Id.* at ¶ 13. Plaintiff reportedly begged Officer Steinmacher to loosen the cuffs, put them in front of Plaintiff or cuff him to the van. *Id.* Plaintiff informed Office Steinmacher of his back/neck condition. *Id.* Plaintiff also requested water which was denied until "the tail end of this ordeal," when Plaintiff was given some water by Steinmacher's partner. *Id.*

Plaintiff pled guilty to the lesser charge of disorderly conduct. *Id.* at ¶ 14. Plaintiff was sentenced to one day of community service, attendance at a health education/prostitution class, and a fine of $45. *Id.* Plaintiff's attempts to retrieve the truck he leased were impeded by the "threat of an additional fine of $1,200 to $2,400," presumably to be paid prior to the release of the truck. *Id.* at ¶¶ 14, 16. Plaintiff concedes that the truck was eventually returned to its owner, the Ford Motor Company. *See* Plaintiff's Reply to New York City Motion to Dismiss at ¶ 5. Plaintiff asserts further that he was held a second time by Clerk Vasti, who refused to acknowledge Plaintiff's completion of his community service obligation until he received computer confirmation. Compl. at ¶ 18.

## II. Discussion

### A. Legal Standard Applicable to a Motion to Dismiss

A motion to dismiss must be decided based on the allegations contained on the face of the complaint. *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir.1991). However, the complaint must be construed liberally where the plaintiff is proceeding pro se. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (*per curiam*). In deciding such a motion, a district court must accept as true all of plaintiff's factual allegations, *Papasan v. Allain,* 478 U.S. 265, 283, 106 S.Ct. 2932, 2943, 92 L.Ed.2d 209 (1986), and the allegations must be "construed favorably to the plaintiff." *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991). Such a motion cannot be granted simply because recovery appears remote or

unlikely; "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Rather, dismissal is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). Furthermore, a motion to dismiss "need not be granted in part nor denied in toto but may be granted as to part of the complaint and denied as to the remainder." *Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111, 115 (2d Cir.1982). "This standard is applied with even greater force where the plaintiff alleges civil rights violations . . . ." *Hernandez v. Coughlin,* 18 F.3d 133, 136 (2d Cir.1994).

### B. Section 1983

■ Section 1983 provides a civil action for the deprivation of constitutional rights by stating:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "To state a valid claim under § 1983, 'a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.' "[1] *Morris v. Dann,* 95 Civ.

975, 1996 WL 732559 at *3 (N.D.N.Y. Dec.11, 1996) (quoting *Eagleston v. Guido,* 41 F.3d 865, 876 (2d Cir.1994) (internal quotation omitted)).

### C. The Eighth Amendment

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const.Amend. VIII. Here, Plaintiff invokes the Cruel and Unusual Punishments Clause (for the way he was treated—handcuffed, denied water) and the Excessive Fines Clause (for the forfeiture of his truck and tools).

#### 1. Cruel and Unusual Punishments

■ As a preliminary matter, it must be noted that Plaintiff relied upon the wrong constitutional provision in seeking redress for his claim of inhumane treatment. As the Supreme Court noted:

Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions . . . .

[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. *Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.*

*Ingraham v. Wright,* 430 U.S. 651, 671 n. 40, 97 S.Ct. 1401 n. 40, 1412, 51 L.Ed.2d 711 (1977) (emphasis added); *see also Whitley v. Albers,* 475 U.S. 312, 318, 106 S.Ct. 1078, 1083–84 (1986); *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1872 n. 16, 60 L.Ed.2d 447 (1979).[2]

■ "Notwithstanding its prior holdings, the Supreme Court has recognized that conduct imposed on a non-convicted person

---

1. Because the Court of Appeals has explicitly directed that only Plaintiff's Eighth Amendment claims be considered, the second prong of § 1983 will be limited to violations of the Eighth Amendment.

2. Given Plaintiff's *pro se* status, he will be granted leave to amend his complaint in order to add a claim under the Due Process Clause. However, for purposes of this motion to dismiss, Plaintiff's claims will be analyzed under the Eighth Amendment.

may warrant Eighth Amendment scrutiny if such conduct constitutes 'punishment.' " *Mann v. Meachem,* 929 F.Supp. 622, 633 (N.D.N.Y.1996) (citing *Bell,* 441 U.S. at 538, 99 S.Ct. at 1873–74). The question thus arises whether the conduct that Plaintiff was subjected to can be considered punishment. The Supreme Court has developed the following two-pronged test in determining if conduct is punishment: (1) was there a legitimate purpose for engaging in the conduct complained of; and (2) was the conduct excessive in relation to the legitimate purpose. *Bell,* 441 U.S. at 538, 99 S.Ct. at 1873–74. Within the context of pretrial detention, the Supreme Court has noted:

> Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment even if they are discomforting.... It is enough simply to recognize that in addition to ensuring the detainee's presence at trial, the effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment.

*Id.* at 540, 99 S.Ct. at 1875. The Court then cautioned courts to defer to the expert judgment of corrections officials " 'unless the officials have exaggerated their response to these considerations.' " *Id.* (quoting *Pell v. Procunier,* 417 U.S. 817, 827, 94 S.Ct. 2800, 2806–07, 41 L.Ed.2d 495 (1974)). That is precisely what may have occurred here. Plaintiff alleges that he was handcuffed for over seven hours *while inside a holding cell.* Although there may be a legitimate reason for doing so, it is not apparent at this stage of the litigation. As there is a fact question surrounding the conduct in issue, it will be deemed punishment for purposes of Eighth Amendment analysis and this motion to dismiss.

In determining whether an Eighth Amendment violation has occurred, the Supreme Court applies a two-prong test consisting of an objective component and a subjective component. *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). First, the plaintiff must demonstrate that the conditions of his confinement resulted "in unquestioned and serious deprivations of basic human needs." *Jolly v. Coughlin,* 76 F.3d 468 (2d Cir.1996) (quoting *Anderson v. Coughlin,* 757 F.2d 33, 35 (2d Cir.1985)). *See also Farmer,* 511 U.S. at 834, 114 S.Ct. at 1977 (prison official's acts must deprive inmate of the "the minimal civilized measure of life's necessities")(quoting *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399–2400, 69 L.Ed.2d 59 (1981)). Second, the plaintiff must demonstrate that the defendants imposed those conditions with "deliberate indifference." *Id.* (citing *Wilson v. Seiter,* 501 U.S. 294, 297, 111 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991)). *See also Farmer,* 511 U.S. at 834, 114 S.Ct. at 1977 (prison official must have a "sufficiently culpable state of mind") (quoting *Wilson,* 501 U.S. at 297, 111 S.Ct. at 2323).

Regarding the subjective component, where prison officials stand accused of using excessive physical force, the Supreme Court has held that the "core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992) (citing *Whitley v. Albers,* 475 U.S. 312, 320–21, 106 S.Ct. 1078, 1084–85, 89 L.Ed.2d 251 (1986)). As the *Hudson* Court stated:

> In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and "any efforts made to temper the severity of a forceful response."

*Hudson,* 503 U.S. at 7, 112 S.Ct. at 999 (quoting *Whitley,* 475 U.S. at 321, 106 S.Ct. at 1085), Where wantonness is established, a plaintiff may recover even though he did not suffer serious injury. *Id.* at 9, 112 S.Ct. at 1000 ("When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated.").

Here, Plaintiff has alleged a cognizable claim against the City defendants under the

Eighth Amendment.[3] As stated earlier, the need to handcuff Plaintiff while he was in a holding cell is not yet apparent, much less the need to handcuff him tightly for over seven hours. The Second Circuit has recognized Eighth Amendment claims in the context of tight handcuffs. *See, e.g., Davidson v. Flynn,* 32 F.3d 27 (2d Cir.1994) (claim not based on use of handcuffs but on their "deliberate and improperly motivated application so tightly as to injure"); *Reid v. Coughlin,* No. 86 Civ. 1351, 1994 WL 23152 at * 4 (S.D.N.Y. Jan. 26, 1994) (officers' actions in causing handcuffs to become painfully tight, for the sole purpose of causing plaintiff harm, would not amount to a *de minimis* use of force but would be actionable under *Hudson*). Accordingly, Plaintiff may maintain his claim of cruel and unusual punishment against the City defendants.

### 2. Excessive Fine

█ Plaintiff alleges that he faced a fine of 10% to 20% of the truck's value, amounting to $1,200 to $2,400, before he could retrieve his truck and tools or risk forfeiture thereof.[4] The monetary payment aspect can be analyzed as a traditional fine as can the related forfeiture which represents an *in personam* criminal forfeiture that is "clearly a form of monetary punishment no different, for Eighth Amendment purposes, from a traditional 'fine'."[5] *Alexander v. United States,* 509 U.S. 544, 558, 113 S.Ct. 2766, 2775, 125 L.Ed.2d 441 (1993). Both can be analyzed under the Excessive Fines Clause which "limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'" *Austin,* 509 U.S. at 609–10, 113 S.Ct. at 2805 (1993) (quoting *Browning–Ferris Industries of Vt.,*

*Inc. v. Kelco Disposal, Inc.,* 492 U.S. 257, 265, 109 S.Ct. 2909, 2915, 106 L.Ed.2d 219 (1989)).

With respect to punishments other than *in rem* civil forfeitures, the Supreme Court has indicated that "a monetary penalty will be considered excessive within the meaning of the Eighth Amendment when there is a lack of proportion between the gravity of the offense and the harshness of the penalty." *United States v. Milbrand,* 58 F.3d 841, 845 (2d Cir.1995) (citing *Alexander,* 509 U.S. at 558–59, 113 S.Ct. at 2775–76). Whether a forfeiture is "grossly disproportionate" and thus violates the Eighth Amendment is a fact-bound issue that must be analyzed on a case-by-case basis. *United States v. Alexander,* 32 F.3d 1231, 1236–37 (8th Cir.1994). Two relevant factors include the extent of the criminal activity and the quantum of property forfeited. *Id.* at 1236. Other factors include: the seriousness of the offense, an assessment of the personal benefit reaped by the defendant, the defendant's motive and culpability, and the "extent that the defendant's interest and the enterprise itself are tainted by criminal conduct." *Id.* at 1236–37 (quoting *United States v. Sarbello,* 985 F.2d 716, 724 (3d Cir.1993)). *See also United States v. Bieri,* 68 F.3d 232, 236 (8th Cir. 1995) (district court must consider multiple factors including "the extent and duration of the criminal conduct, the gravity of the offense weighed against the severity of the criminal sanction, and the value of the property forfeited").

Here, the minimum fine faced by Plaintiff was 10% of the truck's value ($1,200). Even this minimum fine can be seen as grossly disproportionate to a charge of disorderly

---

**3.** From this point on, the "City defendants" shall not include defendant Mayor Giuliani who is dismissed from this action. *See* discussion *infra* at pp. 182–183.

**4.** No one has identified the statutory basis underlying this fine/forfeiture scheme.

**5.** "An *in personam* criminal forfeiture is an action against the person as distinguished from an *in rem* forfeiture which is an action against the property itself." *United States v. Wild,* 47 F.3d 669, 674 (4th Cir.1995). The "defendant in a criminal forfeiture proceeding is the person, and

the defendant in a civil forfeiture proceeding is the particular property." *United States v. $814,-254.76 in U.S. Currency,* 51 F.3d 207 (9th Cir. 1995). The "theory of in rem forfeiture is said to be that the lawful property has committed an offense." *Austin v. United States,* 509 U.S. 602, 624, 113 S.Ct. 2801, 2813, 125 L.Ed.2d 488 (1993) (Scalia J., concurring). The forfeiture in issue here is clearly an *in personam* criminal forfeiture as the Supreme Court has noted: "There is nothing even remotely criminal in possessing an automobile." *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 699, 85 S.Ct. 1246, 1250, 14 L.Ed.2d 170 (1965).

conduct for which Plaintiff was fined a mere $45. However, the question of excessiveness "requires factual analysis, so that a mere allegation of excessiveness suffices to survive a 12(b)(6) motion." *Grove v. Kadlic,* 968 F.Supp. 510, 516 (D.Nev.1997) (citing *United States v. One 1978 Piper Cherokee Aircraft,* 91 F.3d 1204, 1210 (9th Cir.1996)). Accordingly, Plaintiff may maintain his excessive fine claim against the City defendants.

### D. The Eleventh Amendment

■ The Eleventh Amendment provides:
The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State.

U.S. Const.Amend. XI.[6] Hence, a "state, its agencies and state officials sued in their official capacities are all immune from suit in federal court brought by a citizen of that state ..." *Richards v. State of New York,* 597 F.Supp. 692 (E.D.N.Y.1984) (citing, *inter alia, Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978)), *aff'd,* 767 F.2d 908 (2d Cir.1985). Section 1983 was not intended to override a state's Eleventh Amendment immunity. *Quern v. Jordan,* 440 U.S. 332, 343, 99 S.Ct. 1139, 1146, 59 L.Ed.2d 358 (1979). Moreover, there is no subject matter jurisdiction over Plaintiff's claims for monetary relief against the State defendants as the Supreme Court has stated that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989).

■ Here, the Criminal Court of the City of New York and the Midtown Community Court are state agencies. *Zuckerman v. Appellate Division, Second Dep't,* 421 F.2d 625, 626 (2d Cir.1970) (courts are "the judicial arm of the State of New York"). Accordingly, they are immune from Plaintiff's action for money damages. *Mathis v. Clerk of the First Dep't, Appellate Division,* 631 F.Supp. 232, 235 (S.D.N.Y.1986) ("a state court is not amenable to suit under 42 U.S.C. § 1983 ... on the grounds that it is immune from suit by virtue of the Eleventh Amendment ..."). Defendant Vasti is being sued in his official capacity as County Clerk for the Midtown Community Court. Official capacity suits " 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' " *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985) (quoting *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978)). Moreover, the "immunities available to the defendant in an official-capacity action are those that the governmental entity possesses." *Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 361–62, 116 L.Ed.2d 301 (1991). Accordingly, Plaintiff's complaint against defendant Vasti is also barred on Eleventh Amendment grounds.

### E. Lack of Personal Involvement

■ It is well settled in this Circuit that in a Section 1983 action a plaintiff must allege direct and personal involvement on the part of a defendant in the alleged constitutional deprivation. *Moffitt v. Town of Brookfield,* 950 F.2d 880, 886 (2d Cir.1991); *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir.1977) (citations omitted). As the doctrine of *respondeat superior* does not apply in Section 1983 actions, a showing of defendant's personal responsibility is required. *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994) (citing *Johnson v. Glick,* 481 F.2d 1028, 1034 (2d Cir.1973)). Moreover, "[f]ailure to set forth facts pertaining to such personal involvement results in a 'fatally defective' complaint." *Murphy v. Neuberger,* No. 94 Civ. 7421, 1996 WL 442797, at * 3 (S.D.N.Y. Aug.6, 1996) (citing *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 886 (2d Cir.1987)).

Plaintiff's only allegations relating to defendant Mayor Giuliani consist of a complaint to a Legal Aid attorney that "this administra-

---

6. While the Eleventh Amendment does not expressly bar suits against a state by its own citizens, the Supreme Court has consistently held that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974).

tion (Mayor Giuliani's) has gone too far with entrapments, excessive fines ..., excessive punishment ..." Compl. ¶ 14. Because Plaintiff fails to allege any personal involvement on the part of this defendant, his claims against Mayor Giuliani are dismissed.

III.  Conclusion

For the reasons stated above, Plaintiff's claims against the State defendants and defendant Mayor Giuliani are dismissed. Plaintiff's claims against the remaining City defendants survive. Plaintiff shall amend his complaint within 30 days of receipt of this Opinion. A conference has been scheduled for November 7, 1997.

So Ordered.