**Andrew S. MACKEY, Plaintiff,**

v.

**PROPERTY CLERK OF THE NEW YORK CITY, POLICE DEPARTMENT, Individually, New York City Police Department, Howard Safir, Commissioner, New York City Police Department, Individually, William Bratton, Police Officer Thomas Rafferty, Defendants.**

**No. 97 Civ. 5336(HB).**

United States District Court, S.D. New York.

May 27, 1998.

Bradley M. Zelenitz, Zelenitz & Pickney, Hempstead, NY, for Andrew S. Mackey.

Andrew A. Jones, Jeffrey D. Friedlander, Acting Corporation Counsel, New York, NY, Property Clerk of the New York City Police Dept., New York City Police Department, Howard Safir, William Bratton, Thomas Rafferty.

## OPINION AND ORDER

BAER, District Judge.

Defendants move pursuant to Fed.R.Civ.P. 12(c) ("Rule 12(c)") for judgment on the pleadings. For the foregoing reasons, the motion is GRANTED in part and DENIED in part.

### A. Background

In the early morning hours of July 22, 1994 Andrew Mackey, driving a 1990 Lexus, parked at 31st Street and Lexington Avenue to use a pay phone. Compl. ¶¶ 11–12. While the plaintiff used the phone, two female friends sat in the vehicle, with the engine running. Compl. ¶ 12. Approximately four or five cars pulled along side the Lexus and several police officers in civilian clothes approached, with one asking the plaintiff's female friends whether they were "working." Compl. ¶ 13. The women responded that they were not. Compl. ¶ 13. Nonetheless, after identifying themselves as police officers, the women were asked to leave the vehicle. Compl. ¶ 14. They initially objected, refused to unlock the car doors and insisted that they were not involved in any criminal activity. Compl. ¶ 14.

Shortly thereafter, perhaps realizing the futility of noncompliance, the women unlocked the doors and allegedly were "dragged out of the vehicle and arrested." Compl. ¶ 15. The plaintiff, presumably out of view while making a phone call, then identified himself as the owner of the Lexus, and

the police, including defendant Thomas Rafferty, promptly placed him under arrest for Obstruction of Governmental Administration in the Second Degree. Compl. ¶ 15. In other words, the police arrested Mr. Mackey for failing to assist them in gaining entry to the Lexus. During an inventory search conducted later at the station house, the police found a spare key in the plaintiff's wallet.

The police also impounded the plaintiff's Lexus and placed it in the Police Department's Auto Pound. Compl. ¶ 16. According to Mr. Mackey, the police did not provide him with a voucher for his seized vehicle at the time of his arrest, or thereafter. Compl. ¶ 17. The plaintiff then made numerous entreaties to the defendants in an effort to regain his vehicle. At some point, the plaintiff came to learn that his Lexus was being held under voucher number A618196V. Compl. ¶ 18. On October 26, 1994, the plaintiff's girlfriend filled .out a Claimant's Request for a District Attorney's Release at the Manhattan District Attorney's office. This request was denied. Compl. ¶ 19.

Approximately six months later, on April 20, 1995, defendant Property Clerk of the New York City Police Department ("Property Clerk") commenced a civil action in the Supreme Court of New York State seeking forfeiture of the Lexus pursuant to § 14–140 of the New York City Administrative Code ("Administrative Code"). Compl. ¶ 20. After conducting suppression hearings in June, the judge dismissed the Obstruction of Governmental Administration charge on July 17, 1995, concluding that the police lacked probable cause to arrest the plaintiff and seize the vehicle. Compl. ¶¶ 21–23. Following this dismissal, the plaintiff again contacted the defendants, hoping to finally recover his Lexus. Compl. ¶ 23. A staff attorney at the New York City Police Department ("Police Department") rebuffed these attempts and informed the plaintiff that he "could only recover his vehicle if he would sign a 'hold harmless agreement' that would release [the] defendants from any claims arising out of their seizure and storage of the vehicle." Compl. ¶ 24. Undoubtably feeling aggrieved and frustrated by his perceived mistreatment, and seemingly with good reason, the plaintiff declined to strike this deal. Compl. ¶ 25.

Rather, on July 21, 1997, Mr. Mackey commenced an action pursuant to 42 U.S.C. § 1983 alleging violations of the Fourth and Fourteenth Amendments of the United States Constitution. The complaint alleges three claims: (1) denial of due process for failure to provide adequate notice regarding the procedures to recover seized property; (2) denial of due process and violation of the Fourth Amendment for the refusal to return the plaintiff's Lexus; and (3) denial of due process for the failure of the defendants to provide adequate notice of the procedures governing civil forfeiture actions. Compl. ¶¶ 35–52.

### B. Discussion

■ Defendants move pursuant to Rule 12(c) for judgment on the pleadings. The standard governing a motion for judgment on the pleadings is equivalent to the standard applicable to a motion to dismiss for failure to state a claim upon which relief can be granted. *See Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994). Accordingly, a court considering a Rule 12(c) motion must accept as true the factual allegations set forth in the complaint. *See Walker v. City of New York,* 974 F.2d 293, 298 (2d Cir.1992). Further, all reasonable inferences must be drawn in favor of the plaintiff. *Id.* Indeed, a district court should grant a Rule 12(c) motion "only if, after viewing plaintiff's allegations in this favorable light, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citation and internal quotations omitted).

### 1. Failure to Provide Adequate Notice of Recovery Procedures—Claim One

The plaintiff argues that the defendants deprived him of his Lexus without due process of law by failing to provide him with adequate notice of the procedures for recovering property seized by the Police Department. The procedures governing the recovery of seized property are set forth in an unpublished order issued by the Honorable Morris E. Lasker on July 15, 1974 ("Lasker Order"). *See Butler v. Castro,* 896 F.2d 698,

700 (2d Cir.1990). The Lasker Order was enacted as a result of a Second Circuit decision in *McClendon v. Rosetti*, 460 F.2d 111 (2d Cir.1972).

In relevant part, the Lasker Order requires that an arrestee be given a voucher for noncontraband property seized by the police. *Id.* at 702. The voucher must describe the procedures an arrestee is required to follow in order to regain possession of his or her property. *Id.* These procedures require that a claimant "make a demand upon the property clerk for his property or money within 90 days of the earlier of (i) the termination of the criminal proceeding, or (ii) the issuance by the District Attorney of a release indicating that the property or money is not needed as evidence." *Id.* Following a timely demand, the City of New York (the "City") must, within ten days, either return the seized items or commence a judicial proceeding to retain possession. *Id.* Section 14–140(e)(1) of the New York City Administrative Code (the "Code") discusses the disposition of money and property seized by the Police Department. To date, and without explanation, the City has failed to amend § 14–140(e)(1) to incorporate the Lasker Order, despite the passage of more than twenty-three years since its issuance.

Here, the plaintiff contends that the failure to provide him with a voucher when the police arrested him and seized his Lexus, coupled with the antiquated and no longer applicable Administrative Code, violated his Fourteenth Amendment due process rights. *See Butler*, 896 F.2d at 703. In *Butler*, the plaintiff alleged that the defendants improperly sold his automobile and disposed of other items without notifying him of the procedures for recovering his property. *Id.* at 699. The Second Circuit held that the plaintiff, to whom the police did not provide a voucher when arrested, stated a valid due process claim and reasoned that "[a]n arrestee who fails to receive a voucher ... would not know of the need to make a demand on the property clerk and the burden on the

City either to return the property or bring a judicial action." *Id.* at 703. As the court noted, the Administrative Code provides no assistance to an arrestee deprived of property because § 14–140 fails to "reflect in any meaningful respect the actual practices of the Police Department and its property clerk or the existing procedures for reclaiming such property." *Id.*

The defendants argue that *Butler* is inapposite for two reasons. First, unlike *Butler*, the plaintiff's Lexus is still in the Police Department's possession. Second, even if the plaintiff did not receive a voucher, no further notice or procedural accommodations were legally necessary since Mr. Mackey actually did demand the return of his car and the Property Clerk timely initiated a civil forfeiture proceeding. Accordingly, the defendants contend, they are entitled to judgment as a matter of law. I disagree.

▮ The defendants were constitutionally obligated to provide the plaintiff with notice of the established procedures for recovering seized property. Accepting the plaintiff's factual allegations as true, the defendants did not satisfy this constitutional obligation. To begin with, the police officers did not give the plaintiff a voucher for the seized Lexus, the standard method of providing notice. *See Butler*, 896 F.2d at 703. Consequently, the only other means by which the defendants could have notified the plaintiff of the available recovery procedures would be through the Administrative Code generally, and § 14–140 in particular. Of course, despite the passage of over twenty-three years since the issuance of the Lasker Order, the City has not amended the Administrative Code to accurately reflect the recovery procedures for seized property.[1] Therefore, as the Second Circuit articulated in *Butler*, "the only public notice of procedures to recover property is entirely misleading." *Id.* Taken together, then, the failure to provide a voucher, in conjunction with the misleading Administrative Code, establish that the due process

---

1. The defendants note that although the New York City Council has failed to amend the Administrative Code, the Police Department recently amended Chapter 12, Title 38 of the Rules of the City of New York to reflect the Lasker Order, effective March 11, 1998. The amendment was first published on February 9, 1998. Of course, this amendment does not impact the analysis here, since the relevant events occurred in 1994 and 1995.

procedures required by *McClendon* and *Butler* were not followed. Accordingly, I reject the argument that the plaintiff cannot, as a matter of law, establish a due process violation with respect to claim one.[2]

■ Alternatively, the City and the Police Department argue that dismissal is appropriate because the plaintiff cannot demonstrate a policy or custom on the part of these defendants to deprive individuals of due process in the recovery of seized property. In a § 1983 action against a municipality, the plaintiff must establish that "he was unconstitutionally treated and that the constitutional violation resulted from an identified policy, custom, or practice of the municipality." *See Williams v. New York City Police Department*, 930 F.Supp. 49, 54 (S.D.N.Y. 1996) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Conclusory allegations of policy, custom or practice will not suffice. *See Butler*, 896 F.2d at 700.

■ I find that the plaintiff adequately alleges facts that support an inference of an unconstitutional custom, pattern and practice by the City. As stated earlier, over twenty-three years have passed without the City amending the Administrative Code to incorporate the procedures mandated by the Second Circuit as constitutionally required for the recovery of seized property. Compl. ¶ 36. Indeed, courts have expressed concern with this failure to amend and encouraged the City, explicitly or implicitly, to rectify the defect. *See Butler*, 896 F.2d at 703 ("We are not the first court to note that the Code fails to reflect in any meaningful respect ... the existing procedures for reclaiming [seized] property."); *Property Clerk v. Seroda*, 131 A.D.2d 289, 295, 521 N.Y.S.2d 233, 238 (1st Dep't 1987) ("In passing, we note the absence of any ameliorative legislation with respect to Administrative Code [§ ] 14–140 in the more than thirteen years since the entry of the *McClendon* order. This would seem a matter worthy of legislative attention."). The

failure to amend the Administrative Code, despite this lengthy passage of time as well as the aforementioned judicial encouragement, gives rise to a reasonable inference, at this stage in the litigation, that the City violated the due process rights of the plaintiff and others similarly situated—by failing to provide notice of the property recovery procedures in a manner consistent with *McClendon*. Therefore, I reject the argument that the plaintiff cannot demonstrate, as a matter of law, a policy or custom on the part of the City to deprive individuals of due process in the recovery of seized property.

■ However, I grant the motion to dismiss the Police Department from this action, albeit for a separate reason articulated by the defendant. As an agency of the City, the Police Department is not amenable to suit. *See Williams*, 930 F.Supp. at 53–54; *Wilson v. City of New York*, 800 F.Supp. 1098, 1101 (E.D.N.Y.1992). Pursuant to the New York City Charter, all actions alleging violations of any law shall be brought in the name of the City of New York. N.Y. City Charter, Chpt. 16, § 396.

■ I also dismiss all claims against defendants Howard Safir, the current Police Commissioner, and William Bratton, the former Police Commissioner. In a § 1983 action, the plaintiff "must allege direct and personal involvement on the part of a defendant in the alleged constitutional deprivation." *Casaburro v. Giuliani*, 986 F.Supp. 176, 182 (S.D.N.Y.1997). The complaint contains no such allegations. Therefore, the claims against these defendants are dismissed.

2. *Refusal to Return Plaintiff's Lexus— Claim Two*

■ The plaintiff argues that his Fourth and Fourteenth Amendment rights were violated because of the refusal to return his Lexus despite an alleged inability to establish by a preponderance of the evidence that Mr. Mackey used the vehicle in furtherance of a

---

2. The contention that the due process claim should be dismissed since, despite the absence of notice, demands were made by the plaintiff for the return of the Lexus and the Property Clerk timely commenced a civil forfeiture proceeding

gives me some pause. Nonetheless, at bottom, these arguments are more appropriately directed to the issue of damages, and not liability for a constitutional violation.

crime. In support of this argument, the plaintiff points to the dismissal of the only charge lodged against him, the Obstruction of Governmental Administration. While one cannot help but sympathize with the plaintiff's plight and wonder what precisely is the Police Department's agenda in this matter, there is no basis for advancing a due process claim following the decision to proceed with the forfeiture.[3]

As the defendants correctly assert, a favorable disposition in a criminal action is not determinative of the outcome in a civil forfeiture procedure, where a lesser standard of proof applies. *See Property Clerk v. Lanzetta*, 157 A.D.2d 600, 601, 550 N.Y.S.2d 349, 351 (1st Dep't 1990) (dismissal of criminal action "does not operate as an adjudication of the claim to ownership of the property subject to forfeiture"). Rather, an independent determination of the merits of a forfeiture, within the confines of a civil proceeding, is required. *See Property Clerk v. Conca*, 148 A.D.2d 301, 302, 538 N.Y.S.2d 268, 269 (1st Dep't 1989). The plaintiff, therefore, cannot establish a due process violation rooted in the defendants' continued refusal to return the Lexus.[4] Accordingly, the motion for judgment on the pleadings with respect to the alleged due process violation in claim two is granted.

I also dismiss the Fourth Amendment claim, but provide leave to replead. Clearly, for the reasons stated above, the plaintiff cannot establish a Fourth Amendment violation on the basis of the defendants' refusal to return the Lexus and the continued pursuit of the civil forfeiture proceeding. Nonetheless, there may exist a claim against one of the defendants, Officer Rafferty, in connection with the arrest of the plaintiff and the seizure of the Lexus without probable cause. *See Ruiz v. Herrera*, 745 F.Supp. 940, 946 (S.D.N.Y.1990) ("if a police officer deliberate-ly arrests someone without probable cause, he is liable under 42 U.S.C. § 1983"). In his papers, the plaintiff strenuously argues that Officer Rafferty arrested him and seized his property without probable cause to believe that a criminal act occurred. However, these allegations must be made as a claim in the complaint, and they are not. Consequently, pursuant to Fed.R.Civ.P. 15(a), I grant the plaintiff fifteen days from the date of this opinion to amend the complaint to replead this claim.

3. *Failure to Provide Notice of Civil Forfeiture Procedures—Claim Three*

Plaintiff argues that the defendants violated his right to procedural due process by misinforming him that his "effort to press a counterclaim would be rejected and that he could not interpose a counterclaim in a civil forfeiture action unless he had already filed a Notice of Claim with the City." Compl. ¶ 47. Apparently, the plaintiff seeks to recover the "thousands of dollars" in lease and installment payments he allegedly made while the defendants possessed the Lexus. Compl. ¶ 46. Accepting as true the allegation that one of the defendants misinformed the plaintiff that a counterclaim would be rejected, there is nevertheless no basis for concluding that a constitutional violation occurred. Presumably, the declarant—who the plaintiff does not identify in the complaint—believed that Mr. Mackey planned to assert a counterclaim in the civil forfeiture proceeding under state law. State law claims advanced against the City are time-barred "unless . . . a notice of claim . . . is made and served upon the [C]ity . . . in compliance with section 50–e of [the General Municipal Law.]" *See* N.Y.Gen. Mun.L. § 50–i(1). Thus, the statement that the plaintiff urges as the foundation for his due process claim is, in actuality, factually accurate. Even if it were not, the plaintiff provides no case law to support the conten-

---

3. With respect to the issue of fairness, it is interesting to note that the dismissed Obstruction of Governmental Administration charge is a Class A misdemeanor and the seized Lexus a $40,000 vehicle.

4. The more appropriate cause of action is a malicious prosecution claim under New York law. However, a malicious prosecution claim would be premature, since to prevail the plaintiff must establish that the proceeding that forms the basis of the action was terminated in his favor. *See Wilson*, 800 F.Supp. at 1102. Here, the civil forfeiture proceeding is still pending. In addition, this claim might be time-barred if the plaintiff failed to file the appropriate notice of claim with the City.

tion that the defendants violated the Fourteenth Amendment as a result of the alleged misinformation. Accordingly, the defendants' motion for judgment on the pleadings with respect to claim three is granted.

### 4. *Prospective Eighth Amendment Claim*

In his papers, the plaintiff argues for the first time that the seizure of his $40,000 Lexus, in connection with a Class A misdemeanor, raises questions of fact concerning a violation of the Eighth Amendment's prohibition against excessive fines. This contention is not without merit. *See United States v. Certain Real Property & Premises Known as 38 Whalers Cove Drive,* 954 F.2d 29 (2d Cir.1992). However, given the holding in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), I decline to allow the plaintiff to amend the complaint to include an Eighth Amendment claim.

Under the *Younger* doctrine, abstention is appropriate where: (1) a state proceedings is pending; (2) an important state interest is implicated; and (3) the plaintiff has an open avenue for review of constitutional claims in the state proceeding. *See Hansel v. Town Court for the Town of Springfield,* 56 F.3d 391, 393 (2d Cir.1995). Here, all three elements are satisfied. First, the civil forfeiture proceeding is pending in New York State Supreme Court. Second, important state interests are implicated in the forfeiture proceeding. As stated earlier, the Police Department's right to proceed with a civil forfeiture is unaffected by the dismissal of a criminal charge. *See Lanzetta,* 157 A.D.2d at 601, 550 N.Y.S.2d 349. The interests advanced by pursuing civil forfeitures include "the removal of the instrumentality of crime from circulation and the prevention of further illicit use, impeding the success of a criminal enterprise by eliminating its resources and instrumentalities and compensating the government for investigation and enforcement expenses." *Property Clerk v. Small,* 153 Misc.2d 673, 678, 582 N.Y.S.2d 932, 936 (N.Y.Sup.Ct.1992) (citations omitted). Third, the plaintiff may raise the Eighth Amendment claim as a defense in the civil forfeiture action. *See, e.g., Small,* 153 Misc.2d at 677–680, 582 N.Y.S.2d 932 (in

the context of a civil forfeiture proceeding, court examined whether the loss of an automobile violated Eighth Amendment's proscription against excessive fines where the plaintiff was charged with a Class B misdemeanor).

Abstaining pursuant to the *Younger* doctrine also conserves judicial resources and avoids the possibility of inconsistent outcomes. *See Broadway 41st Street Realty Corp. v. New York State Urban Development Corp.,* 733 F.Supp. 735, 739 (S.D.N.Y.1990) ("abstention can avoid the waste and confusion of duplicative judicial proceedings, with the concomitant potential for inconsistent or counterproductive results"). Since the necessary elements are satisfied, and considering the practical benefits, I decline at this juncture to entertain jurisdiction over the plaintiff's prospective Eighth Amendment claim.

### C. Conclusion

For the reasons discussed above, the defendants' motion for judgment on the pleadings is DENIED with respect to claim one and GRANTED with respect to claims two and three. The plaintiff may replead, within fifteen days from the date of this opinion, to allege a Fourth Amendment claim against Officer Rafferty. The plaintiff may not amend the complaint to include an Eighth Amendment claim. The claims against defendants Safir, Bratton and the Police Department are dismissed. Discovery concludes September 1, 1998. Any dispositive motions must be filed by October 1, 1998 and the case is added to the December Trailing Trial Calender.

**SO ORDERED.**