■ ROBERT T. JOHNSON, as District Attorney of Bronx County, Respondent v KIRK MILLER, Appellant. [837 NYS2d 653]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered on or about June 16, 2006, which granted plaintiff Bronx County District Attorney's motion for summary judgment directing defendant's forfeiture of $1,141.31, unanimously affirmed, without costs.

The affidavit of the arresting officer states that he recovered the subject money, along with more than an ounce of cocaine and paraphernalia used for packaging and selling cocaine, from defendant's bag in the back of the cab in which defendant was a passenger. This sufficed to show that the money was the proceeds of a preconviction forfeiture crime, i.e., a felony defined in, inter alia, Penal Law article 220 (CPLR 1310 [2], [6]), specifically, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). The only evidence defendant offered to show that he did not commit that felony is the fact that he pleaded guilty only to criminal possession of a controlled substance in the seventh degree, a misdemeanor (Penal Law § 220.03). However, defendant's plea establishes his status as a "criminal defendant," i.e., a person who committed an act in violation of Penal Law article 220 (CPLR 1310 [9] [b]). A preconviction forfeiture proceeding against a criminal defendant does not require conviction of an article 220 felony (CPLR 1311 [1] [b]; *see Property Clerk of N.Y. City Police Dept. v Conca*, 148 AD2d 301, 302 [1989]), but only clear and convincing evidence of its commission by the defendant (CPLR 1311 [1] [b]). The affidavit of the arresting officer provides such clear and convincing evidence. We have considered defendant's other arguments and find them without merit. Concur—Friedman, J.P., Nardelli, Buckley, Sweeny and Malone, JJ.